RONALD A. PELC ET AL. *v.* CITY OF DANBURY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decision released May 14, 1974

*Lloyd Cutsumpas,* with whom, on the brief, were *Francis J. Collins* and *Edward J. Hannafin,* for the appellants (plaintiffs).

*Harry Cohen,* with whom, on the brief, was *Andrew Wittstein,* for the appellees (intervening defendant Anthony Palermo et al.).

*Richard L. Nahley,* with whom was *Ronald M. Sullivan,* for the appellees (named defendant et al.).

PER CURIAM. The plaintiffs brought this action for a declaratory judgment and for injunctive relief, challenging thereby the legality of a tax formula contained in article V, § 4, of the charter of the city of Danbury. The plaintiffs alleged in their complaint and the defendants admitted in their answers that under the provisions of the charter the city is divided into three taxing districts. All property in the city is included in the basic tax district. Properties connected to either city water or city sewer facilities are included in urban tax district No. 1 and in addition to liability for the basic tax they are further taxed to raise a sum equal to $7\frac{1}{2}$ percent of the total city budget. Those properties connected to both city water and sewer facilities are included in urban tax district No. 2 and, in addition to the two levies already mentioned, they are liable for an additional $7\frac{1}{2}$ percent levy. The plaintiffs are taxpayers located in urban tax district No. 2 and alleged that the city's tax formula is unconstitutional and, for additional reasons, illegal and invalid. Public notice having been given that the action was pending, another group of taxpayers was permitted to

intervene as parties defendant. The additional defendants filed pleadings different and separate from those filed by the original defendants, and the case was tried to the court (*Testo, J.*). The court rendered a simple judgment finding the issues for the defendants and from that judgment the plaintiffs have appealed.

The plaintiffs on their appeal have made five assignments of error. In four of the assignments, they claim that the court committed error in "finding" certain facts and conclusions, and in the fifth, "in not finding" that the tax formula is violative of the city charter and consolidation ordinance.

Since the questions in issue in this litigation are of constitutional dimensions, are obviously of material concern to the taxpayers of Danbury and ought to be finally determined, it is particularly unfortunate that on the record before us we find it impossible to decide the merits of this appeal. As the intervening defendants have properly asserted, although the plaintiffs' assignments of error are all addressed to "findings" of the court, the record discloses that in fact the court made no finding whatsoever and the plaintiffs did not even request a finding from the court until it was too late and the record had been printed, the briefs had been filed and the appeal was ready for argument.

The requirement of a finding in such a case as this is not a mere technical nicety of appellate procedure. This court hears no evidence and can make no finding of facts. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 525-27, 34 A. 865. It can only review the procedures, rulings and decisions of the trial court to determine whether that court committed some error. For that review, in such a case as this, a finding by

the trial court is necessary and it is the obligation of the appellant to submit to the trial court a request for a finding and a draft finding.[1] By rule of court, this requirement has been in effect at least since 1899. See "Rules of the Supreme Court of Errors" as printed in Rules of Court and Forms, Revised 1899, § 4 p. 91, § 7 p. 92, § 17 p. 95, and "Forms of Draft Findings," p. 96; see also *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 611, 42 A. 667. The finding of the court properly should set out the facts it has found, the conclusions it has reached and, so far as is necessary to present the questions which the appellant desires reviewed, the claims of law stated substantially as they were actually made at the trial, the rulings of the court thereon and the rulings desired to be reviewed. Practice Book § 619; *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714, 216 A.2d 182; Maltbie, Conn. App. Proc. §§ 126–142.

The plaintiffs' brief is predicated on statements contained in the court's memorandum of decision, but a memorandum of decision establishes no facts and cannot take the place of the required finding. *E. M. J. Corporation* v. *Zoning Board of Appeals,* 154 Conn. 667, 668, 228 A.2d 500; *Wagner* v. *Zoning Board of Appeals,* supra; *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213. The intervening defendants are correct in their assertion that "[i]t is basic to our judicial system that the Superior Court is one of original jurisdiction and is the sole arbiter of the

---

[1] "[Practice Book] Sec. 613. REQUEST FOR FINDING; DRAFT FINDING In cases tried to the court, where a finding is necessary for the purposes of the appeal, the party appealing shall file, with his appeal, his request therefor, duly signed, stating distinctly the questions of law which he desires reviewed, and annex thereto a draft of such findings as he deems necessary to present these questions."

facts. Therefore, it is essential that a determination of the facts and conclusions of these facts and of law be made by the Trial Court by the way of a Finding, so that this Court may determine if there has been any error."

Although the plaintiffs sought a declaratory judgment determining whether the tax formula in question "is valid and binding or whether said provision of said ordinance is invalid, null and void," the judgment of the court did not answer that question but merely found the issues for the defendant. "This was tantamount to a finding that the plaintiffs had failed to establish a right to a declaratory judgment." *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353; *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 415, 294 A.2d 546; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 374, 260 A.2d 596; see Practice Book § 309. Since, on the record as it stands and in the absence of a finding by the trial court, we cannot review this conclusion of the court, the judgment must stand.

There is no error.