JOSEPH W. PEPIN ET AL. *v.* CITY OF DANBURY ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 153803
AT BRIDGEPORT

Memorandum filed December 20, 1974

*Cutsumpas, Collins & Hannafin,* of Danbury, for the plaintiffs.

*Ronald M. Sullivan,* of Danbury, for the defendants.

MIGNONE, J.  The plaintiffs herein have brought this action for a declaratory judgment to determine whether a tax-formula provision adopted by the defendant common council of the city of Danbury on April 18, 1974, under the consolidation ordinance of the city is valid and binding.  The defendants have filed a motion for summary judgment on the ground that the issues raised are already res judicata as a result of a Superior Court decision in *Pelc* v. *Danbury.*[1]  The defendants argue that the complaint in the instant case is substantially the same as in the *Pelc* case and that all the material issues of fact and law are identical in the two cases.  They further claim that the *Pelc* case was prosecuted as a class action under § 52-105 of the General Statutes and that the plaintiffs herein came within the class and purview of the issues presented and decided in *Pelc*.

The decision herein must rest on the applicability of the doctrine of res judicata.  As is pointed out in *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, "[i]f the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made."  It is also

---

[1] The memorandum of decision of the Superior Court appears in volume A-567 of the Supreme Court Records and Briefs at page 21 of the record for *Pelc* v. *Danbury,* 166 Conn. 364.

pointed out that res judicata depends on the existence of a valid final judgment by a court of competent jurisdiction.

The focal question, therefore, is whether the decision in the Superior Court case relied on, *Pelc* v. *Danbury,* constituted a valid and final judgment. That decision was appealed to our Supreme Court. *Pelc* v. *Danbury,* 166 Conn. 364. The Supreme Court in its decision makes it abundantly clear that the trial court failed to render a declaratory judgment, as prayed for in the complaint, to determine whether the tax formula in question "is valid and binding or whether said provision of said ordinance is invalid, null and void." The fact that the trial court in its memorandum of decision (1) denied the permanent injunction sought by the plaintiffs and (2) declared the tax-formula provision of the city of Danbury valid and binding is insufficient in law to sustain a defense of res judicata. As our Supreme Court has again emphasized in *Martin* v. *Connecticut Personnel Commissioner,* 167 Conn. 377, 378, the memorandum of decision does not establish facts and cannot constitute a finding of facts. The Superior Court judgment entered in the *Pelc* case on June 14, 1973, simply states that "[t]he Court, having heard the parties, finds the issues for the defendants." The applicability of the doctrine of res judicata must be based on the judgment actually rendered in the case—not on the memorandum of decision filed. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 125 Conn. 206, 208.

The principle of res judicata does not control the question whether the judgment pleaded in bar is in fact a legal and final judgment. *State* v. *Langley,* 156 Conn. 598.

This court deems itself bound to follow the clear directive of the decision of our Supreme Court in

*Pelc* v. *Danbury,* 166 Conn. 364, 368, that a final determination was not made in the Superior Court case on the precise issue whether the tax formula in question is valid and binding or invalid, null, and void. Since a final determination of the substantive rights of the parties plaintiff on this issue is lacking, the instant motion for summary judgment must be denied.

Motion for summary judgment denied.