HARTFORD FEDERAL SAVINGS AND LOAN ASSOCIATION
v. STANLEY V. TUCKER ET AL.

BOGDANSKI, PETERS, PARSKEY, WRIGHT and ASPELL, Js.

Argued June 4—decision released July 29, 1980

*Stanley V. Tucker,* pro se, the appellant (named defendant).

*Robert B. Basine,* for the appellee (plaintiff).

PER CURIAM. On September 15, 1978, the plaintiff, Hartford Federal Savings and Loan Association, commenced four separate mortgage foreclosure proceedings against the defendant Stanley V. Tucker (hereinafter the defendant), as owner of the

equity of redemption, and other defendants, concerning four properties located at 65 and 69 Amity Street, 963 Capitol Avenue and 38 South Whitney Street, all in Hartford. On December 1, 1978, pursuant to General Statutes § 52-87, concerning notices to out-of-state defendants, the defendant's motion for a statutory continuance was granted.

Upon written motion of the plaintiff, the trial court appointed a rent receiver for all four properties. Subsequently, on March 13, 1979, the plaintiff moved for default for failure to plead and for judgment against the defendant Tucker. The motion for default came before the court on April 20, 1979. On April 20, 1979, before court opened, the defendant filed his answer, special defenses and counterclaims. The trial court, however, held that the defendant's pleadings were "improper," "improperly filed" and "not in accordance with the Practice Book," and refused to accept them. The court then ordered that a default be entered against the defendant for failure to plead. The plaintiff thereafter pursued its motion for judgment which was heard and argued by the parties on April 20, 1979, and April 23, 1979.

The court ordered a foreclosure by sale for the premises at 65 Amity Street and 38 South Whitney Street, and strict foreclosure for the premises at 69 Amity Street and 963 Capitol Avenue. From the judgments rendered the defendant appealed to this court.

On appeal, the defendant has briefed due process attacks on §§ 504 through 510 of the 1978 Practice Book and on the strict foreclosure procedures. These are claims of first impression which this court

cannot reach at this time since they were not ruled upon by the trial court. *Pelc* v. *Danbury,* 166 Conn. 364, 366, 349 A.2d 825 (1974).

We note, however, that it is a reasonable inference from the record that the trial judge refused to accept the defendant's pleadings on April 20 before the hearing on the motion for default because he believed they were untimely filed. Under General Statutes § 52-121,[1] "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which such cause is pending. . . ." Thus, under the provisions of the statute, the defendant's pleadings were not untimely at the time they were filed. An oversight of a clearly applicable statute can be considered plain error.[2]

---

[1] "[General Statutes] Sec. 52-121. PLEADING MAY BE FILED AFTER EXPIRATION OF TIME FIXED, BUT PRIOR TO HEARING ON MOTION FOR DEFAULT JUDGMENT OR NONSUIT. JUDGMENT OR PENALTY FOR FAILURE TO PLEAD. Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which such cause is pending. No judgment of nonsuit or default, in any case in which appearance has been entered by the defendant, shall be entered by the clerk of any court for failure to plead within the time fixed by statute, or by any rule of any court, until an order for the same has been passed by such court after reasonable notice to the opposing counsel and hearing thereon. No penalty for failure to plead within the time provided by any rule relating to the filing of any pleading shall be imposed upon any party to any cause unless such failure is a violation of an order or judgment made by the court after notice and hearing thereon."

[2] Practice Book, 1978, § 3063 provides: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."