[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion to strike arises out of a nine count complaint filed by plaintiffs Anthony and Leonore Volosin against defendants Marc Glassman, Inc., Dur-A-Flex, Inc., and Joseph Attenello. The complaint alleges that on June 17, 1989, plaintiff Anthony Volosin suffered personal injuries when he was exposed to toxic fumes at the X-pect Discounts store in North Haven. Plaintiffs are seeking recovery for physical and emotional injuries suffered by Anthony Volosin, and for the loss of consortium suffered by plaintiff Leonore Volosin. Plaintiffs allege that defendant Attenello, a subcontractor, was resurfacing the floor of a storage room at the X-pect Discount store with a toxic floor sealant. Plaintiffs further allege that Anthony Volosin's injuries were caused because defendant Attenello negligently permitted toxic fumes to permeate throughout the store when he applied the toxic substance to the floor of the storage room.
On September 29, 1991, plaintiff Anthony Volosin died. Thereafter on April 24, 1992, the plaintiffs filed an amended complaint alleging the death of Anthony Volosin, the subsequent appointment of Leonore as administratrix of his estate, and the CT Page 4779 substitution of Leonore Volosin as administratrix, in lieu of Anthony as party plaintiff.
Approximately eight months later, on December 17, 1992, defendant Attenello filed an answer and five special defenses to the plaintiff's amended complaint. In his first special defense, Attenello alleges that Anthony Volosin's injuries were caused by his own negligence. In his second special defense, Attenello alleges that Leonore's injuries were caused by her own negligence. The third and fourth special defenses contend that Anthony Volosin's action abated pursuant to General Statutes 52-599(b) because no executor or administrator entered the action within six months of Anthony's death and that plaintiffs failed to make any claim or showing of good cause for any delayed entry. In his fifth special defense, Attenello alleges that if the plaintiff is awarded damages, he is entitled to a reduction of the award in amounts paid to the plaintiff from collateral sources pursuant to General Statutes 52-224a.
Plaintiffs filed a motion (#153) to strike defendant Attenello's first, second, third, and fourth special defenses on the ground that these defenses are "time barred." Plaintiffs further move to strike Attenello's third, fourth, and fifth special defenses on the ground that they are "legally insufficient."
The court permitted the administratrix for Anthony Volosin to enter into the action thereby rendering the plaintiff's motion to strike the third and fourth special defenses moot. The court granted the motion to strike defendant Attenello's fifth special defense regarding collateral sources. This decision therefore only addresses whether plaintiffs' motion to strike the first and second special defenses regarding contributory negligence should be granted. Plaintiffs argue that the first and second special defenses are time barred because defendant Attenello failed to file his answer and special defenses to plaintiffs' amended complaint within ten days of the filing of plaintiffs' amended complaint on April 24, 1992, as required by Practice Book 177. Plaintiffs further argue that for the same reasons defendant Attenello waived his right to file any responsive pleadings to the plaintiffs' amended complaint. Attenello argues that his first and second special defenses are neither time barred nor waived since he did file a responsive pleading within the time provided by General Statutes 52-121(a). Practice Book 177 provides in pertinent part that CT Page 4780
 [w]hen any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment or such other time as these rules, or the court may prescribe. .
(Emphasis added.) Therefore, since Practice Book 177 states "as . . . the court may prescribe, "it is within the court's discretion to extend the time that a party has to file an amended responsive pleading. Although Practice Book 177 prescribes time requirements for the filing of pleadings, the legislature has enacted an exception to the court rule. Under General Statutes 52-121(a),
 [a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which [the action] is pending . . .
General Statutes 52-121(a); see also Hartford Federal Savings 
Loan Association v. Tucker, 181 Conn. 607, 609, 436 A.2d 1259
(1980).
In the present action, the court has not heard any motion for judgment by default for failure to plead. Therefore, defendant Attenello's amended answer and special defenses are not time barred and plaintiffs' motion to strike these defenses is denied.
So ordered.
Dated at Stamford, Connecticut this 14th day of May 1993.
WILLIAM B. LEWIS, J.