[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 19, 1996
The plaintiff in this matter has applied pursuant to Practice Book § 4017 for a waiver of fees, costs and expenses for his intended appeal to the Appellate Court from the decision of this court (Hodgson, J.) dismissing this appeal on the merits. This action arises out of a complaint filed by the plaintiff with the defendant Commission on Human Rights and Opportunities ("CHRO" or "Commission") alleging that he was discriminated against in connection with the denial of his application to rent an apartment. The plaintiff is confined to a wheelchair as a result of the amputation of one leg and injury to the other. The CHRO dismissed the plaintiffs complaint, finding no reasonable cause to believe that a discriminatory practice had been committed.
The plaintiff, who was represented by counsel at the time, appealed the dismissal to the Superior Court pursuant to General Statutes §§ 46a-94a and 4-183. The appeal was heard by Judge Hodgson, who found no merit to it. The plaintiff, now appearing pro se, wishes to appeal her decision to the Appellate Court and seeks a waiver of the fees and costs of the appeal.
Practice Book § 4017 permits the court to waive fees and costs and to order the state to pay the necessary expenses of appeal if the court is satisfied (1) that the applicant is indigent and (2) that the applicant is entitled to an appeal.Caron v. Adams, 33 Conn. App. 673, 693 (1994). The waiver of fees is discretionary with the court. Id.
CT Page 5138
At the hearing on his application, the plaintiff testified under oath that his sole income is a monthly payment for SSI disability from the Social Security Administration which equals $240 per week. The plaintiff testified that his expenses total $235 per week. He further testified that he did not own a car or any other asset of value. He has a checking account, the balance of which does not exceed $10. The court finds on these facts that the plaintiff is indigent.
The second issue before the court on its review of the plaintiff's application is whether he is "entitled to an appeal." Practice Book § 4017. "The quoted phrase, obviously, means something more than the statutory right to an appeal." Ferrucciv. Davidson, 22 Conn. Law Tribune No. 19, May 12. 1986, (Barnett, J.). In a decision which has been called "well-reasoned," Conn. Practice Book Annotated, § 4017, 1995 Edition, Authors' Comments, the court held that a predecessor section to section 4017, which also required a court finding of entitlement to appeal, required a finding that the appeal is nonfrivolous. Id. A frivolous appeal, the court ruled, is one where the applicant's likelihood of success is slight. Id. To determine whether the plaintiffs proposed appeal is frivolous, the court should examine the trial court ruling and the issues which the applicant intends to raise on appeal.
In accordance with the provisions of Practice Book § 4017, the plaintiff has set forth as part of his application a preliminary statement of the issues which he intends to raise on appeal. The statement also contains a history of the case, however, and it is difficult to distinguish the issues from the history. In testimony at the hearing on his application for a waiver of fees, the applicant clarified somewhat the issues he wishes to raise on appeal. He contends that he was discriminated against because of physical and mental disabilities. He also claims that the CHRO failed to make any investigation of his claim of mental disability.
The amended appeal in this action does not allege that the plaintiff suffers from a mental disability nor that he was discriminated against on that basis nor that the CHRO failed to investigate such a claim. Therefore, the trial court decision which the plaintiff seeks to appeal does not address any issues relating to mental disability. Where the trial court does not address an issue, it cannot be properly raised before an CT Page 5139 appellate court. Hartford Federal Savings Loan Assn. v. Tucker,181 Conn. 607, 608-9 (1980). Because the plaintiff did not raise these issues regarding alleged discrimination because of a mental handicap in his appeal to the Superior Court, he will not be permitted to raise them before the Appellate Court. This court therefore finds that he has no likelihood of success on appeal with respect to issues relating to discrimination based on mental handicap.
In dismissing the plaintiff's complaint, the CHRO found that the plaintiff was not denied an apartment because of his physical disability. The Commission found that the apartment was denied him because of his arrest record, inaccurate information in his application for rental and insufficient income to afford the rent. The trial court found that there was substantial evidence in the administrative record to support all these findings of fact.
In order to determine whether the plaintiff has any likelihood of success in the appeal which he wishes to take, this court has also reviewed the record of the proceedings before the CHRO. It is important for the plaintiff to understand that both the trial court and the Appellate Court are limited factually in this administrative appeal to the record of evidence taken before the CHRO. The courts must defer to the CHRO's findings with respect to the credibility of witnesses. Nelseco Navigation Co.v. Department of Liquor Control, 34 Conn. App. 352, 355 (1994). Moreover, the courts are required to affirm the agency's decision unless the agency's findings and conclusions are "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." General Statutes § 4-183(j). This court finds no basis in the record for concluding that the CHRO's findings are clearly erroneous. The court finds no likelihood that the plaintiff can succeed on appeal with his claim that he was discriminated against because of his physical handicap.
The court finds that the plaintiff is not entitled to an appeal of the trial court decision dismissing his appeal because the issues which he intends to raise in the appeal are frivolous. There is no likelihood that plaintiff would succeed on these grounds of appeal. His application for a waiver of fees and costs is therefore denied.[1]
VERTEFEUILLE, J. CT Page 5140