[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8023
The defendant, who appears pro se in this matter, has applied pursuant to Practice Book § 4017 for a waiver of fees, costs and expenses for his intended appeal to the Appellate Court from the decision of this court (Shortall, J.) denying his motion for contempt. The defendant contended in his motion for contempt that the plaintiff failed to return to the defendant certain items of personal property which were ordered returned to him in the judgment of dissolution of marriage entered on October 1, 1993. The motion was filed on April 3, 1996.[1]
Practice Book § 4017 permits the court to waive fees and costs and to order the state to pay the necessary expenses of appeal if the court is satisfied (1) that the applicant is indigent and (2) that the applicant is entitled to an appeal.Caron v. Adams, 33 Conn. App. 673, 693 (1994). The waiver of fees is discretionary with the court. Id.
At the hearing on his application, the defendant testified under oath that he had just been notified that he would soon begin receiving SSI disability payments from the Social Security Administration in the amount of $906. per month. He also receives food stamps. He has no dependents and his financial affidavit shows that he has no assets. Martinelli testified to being involved in numerous lawsuits and needing to hire an attorney to take an appeal from a recent criminal conviction. He testified that his expenses, including litigation expenses, exceed his $906. monthly income. The court finds on those facts that the plaintiff is indigent.
The second issue before the court on its review of the defendant's application is whether he is "entitled to an appeal." Practice Book § 4017. "The quoted phrase, obviously, means something more than the statutory right to an appeal . ."Ferrucci v. Davidson, 22 Conn. Law Tribune No. 19, May 12, 1986, (Barnett, J.). In a trial court decision which has been called "well-reasoned", Conn. Practice Book Annotated, § 4017, 1995 Edition, Authors' Comments, the court held that a predecessor section to section 4017, which also required a court finding of entitlement to appeal, required a finding that the appeal is nonfrivolous. Id. A frivolous appeal, the court ruled, is one where the applicant's likelihood of success is slight. Id. To determine whether the defendant's proposed appeal is frivolous, the court should examine the trial court ruling and the issues CT Page 8024 which the applicant intends to raise on appeal.
The defendant has set forth as part of his application a statement under oath purportedly in compliance with the requirements of Practice Book § 4017. The statement does not identify any issues which the defendant wishes to raise on appeal, however; it simply describes his unhappiness with Judge Shortall and counsel for the defendant's ex-wife. At the hearing on the application, the defendant again was asked what issues he wishes to raise on appeal. He responded with a rambling statement which failed, despite questioning from the court, to elucidate any clear statement of the issue or issues which he wishes to raise on appeal if his application is granted.
The court has reviewed Judge Shortall's memorandum of decision denying the defendant's motion for contempt. The court denied the motion because of the defendant's wholesale lack of compliance with all of the property orders entered against him at the time of the dissolution. As a result of his non-compliance the defendant owes the plaintiff an arrearage of over $20,000. The court therefore reasonably invoked the clean hands doctrine to deny the defendant's motion, a matter which is within the court's discretion.
After a review of the trial court ruling and the purported statements of issues which the defendant wishes to raise on appeal, the court cannot find that the appeal which the defendant would like to take is not non-frivolous. Accordingly, his application for a waiver of fees and costs is denied.
VERTEFEUILLE, J.