[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE CROSS-COMPLAINT #111
The plaintiff, Darrell E. Gladding, commenced the present action against the defendants, Jeremiah J. Saren and Susan R. Kovacs, by a two count complaint dated February 27, 1997. The first count is directed against Jeremiah J. Saren ("Saren"); the second count is directed against Susan R. Kovacs ("Kovacs"). The action arises out of an automobile accident that occurred on November 22, 1995, in which the plaintiff, who was a passenger in an automobile driven by Saren, was allegedly injured when Saren suddenly made a U-turn in front of the vehicle driven by Kovacs and caused the two vehicles to collide. As a result of such collision the plaintiff allegedly suffered serious personal injuries and other damages.
The first count of the plaintiff's complaint alleges that the accident was caused by Saren's carelessness and negligence because he: (1) failed to keep a proper lookout; (2) made an improper U-turn in violation of General Statutes § 14-242; (3) failed to signal his intention to make a U-turn; and (4) failed to drive in the right-hand lane of the highway in CT Page 11298 violation of General Statutes § 14-230. The second count of the plaintiff's complaint alleges that the accident was caused by the negligence and carelessness of Kovacs because she: (1) was inattentive; (2) operated her vehicle at a rate of speed in excess of that which would have been reasonable under the circumstances; (3) failed to turn her vehicle so as to avoid the collision; (4) failed to give warning of her approach; (5) failed to apply the brakes in time to avoid the collision.
Kovacs filed a cross-complaint on April 28, 1997, alleging that the injuries suffered by the plaintiff as a result of the collision were caused by the active negligence of Saren alone. Kovacs further alleges that: (1) Saren was in control of the situation to the exclusion of others; (2) Saren owed a duty to Kovacs to obey the traffic laws and operate his vehicle as a reasonably prudent person would; and (3) Kovacs had no reason to anticipate Saren's negligence and reasonably relied on Saren not to be negligent. Kovacs therefore demands an apportionment of liability between her and Saren and indemnification and contribution against Saren in the event that the plaintiff is able to recover any sums of money from Kovacs. Kovacs also seeks costs she incurred in defending this action.
Saren filed a motion to strike Kovacs' cross-complaint on June 3, 1997 and a supporting memorandum of law. Saren moves to strike the cross-complaint on the grounds that Connecticut does not recognize the right of contribution or indemnification between joint tortfeasors and that in any event, the cross complaint failed to allege any facts tending to prove the elements necessary to establish that Saren was primarily negligent, which negligence, Saren argues, is a prerequisite to his liability to the secondarily negligent tortfeasor, Kovacs.
Kovacs filed a memorandum of law in opposition to Saren's motion to strike on June 18, 1997.
"The purpose of a motion to strike is to . . . contest the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). For purposes of a motion to strike the moving party admits all facts well pleaded. RK Constructors, Inc. v.CT Page 11299Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). A motion to strike, however, "does not admit legal conclusions orthe truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357
(1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
supra, 224 Conn. 215.
A motion to strike must be based on facts alleged in the pleadings. Id. "[F]acts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not expressly be alleged." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Id.
Saren argues that Kovacs' claim for indemnification should be stricken because Kovacs has not alleged enough facts proving that Saren was in exclusive control of the situation and because she failed to establish that Saren had a duty to Kovacs based on an independent legal ground. Kovacs counters that the motion to strike must fail because (1) it is untimely; (2) the cross-complaint has satisfactorily pleaded the four elements necessary for a legally sufficient claim for indemnification; and (3) an action for contribution is expressly authorized by General Statutes § 52-572h (h).
Kovacs argues that, as provided by Practice Book § 114, a pleading must be filed not later than fifteen days after the filing of the preceding pleading. In the present case Kovacs cross-complaint was filed on April 23, 1997. Saren's motion to strike, however, was not filed until June 2, 1997, when the fifteen days period had already expired. Because Saren was not granted an extension of time to respond to the cross-complaint, argues Kovacs, the motion to strike should be denied as untimely.
Practice Book § 114 provides in pertinent part: "Commencing on the return date of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty CT Page 11300 days from the return date, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required. . . ." Id. The appropriate enforcement of the time limitation to pleadings, however, is by motion for default or nonsuit. See Hartford Federal Savings and Loan Association V.Tucker, 181 Conn. 607, 436 A.2d 1259 (1980). In fact, any pleading may be filed, after the expiration of the time allowed by Practice Book § 114, until the court has heard any motion for default or nonsuit for failure to plead pursuant to General Statutes § 52-121. Id. Therefore, the court will not deny the motion to strike on the ground that the motion is untimely.
Next Kovacs argues that the cross complaint satisfactorily pleads the elements for a claim of indemnification. Kovacs argues that contrary to Saren's assertions, the party opposing a motion to strike is only required to plead the elements of a claim, not to prove them, because issues such as the determination of whether a party was primarily negligent or whether he had exclusive control of the situation are matters for the trier of fact. Moreover, Kovacs argues that Saren owed a duty to Kovacs to operate his vehicle as a reasonably prudent person and, therefore, the motion to strike should be denied.
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." (Citation omitted; internal quotation marks omitted.) Kyrtatasv. Stop Shop, 205 Conn. 694, 701, 535 A.2d 357 (1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." (Emphasis added.) Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990). "An implied obligation to indemnify exists between joint tortfeasors where one of the tortfeasors is primarily or actively negligent." Kaplan v. Merberg WreckingCorp., 152 Conn. 405, 412, 207 A.2d 732 (1965). "A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary or active." Immick v. Sears,Roebuck Co., Superior Court, judicial district of Danbury, Docket No. 305177 (January 22, 1992, Fuller, J.) (5 Conn. L. Rptr. 469), citing Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573 452 A.2d 117 (1982). "This is an exception to the rule that there is no right of indemnification among joint CT Page 11301 tortfeasors." Kaplan v. Merberg Wrecking Corp., supra,152 Conn. 415.
To successfully plead indemnification based on another party's primary negligence, the cross-complaint must allege four separate elements: "(1) that the other tortfeasor was negligent; (2) that [the defendant's] negligence, rather than the [third party] plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that [the defendant] was in control of the situation to the exclusion of the [third party] plaintiff; and (4) that the [third party] plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Bukert v.Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74. Furthermore, contrary to Saren's argument, "a third party plaintiff, outside the context of workers' compensation law, need not establish an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law claim for indemnity." Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 701-02, 694 A.2d 788
(1997).
In the present case Kovacs has pleaded the four elements necessary to support a claim for indemnification. In fact, Kovacs alleges that: (1) Saren was primarily negligent and responsible for the accident and for the plaintiff's injuries; (2) Saren was in control of the situation at the exclusion of others; (3) Kovacs did not know of Saren's negligence nor had any reasons to anticipate it; and (4) Saren was negligent. (Cross Complaint, ¶¶ 1, 2, 3, 5 and 6.) Therefore, Kovacs does not need to prove these allegations at this stage of the proceeding because, "for the purpose of a motion to strike, the moving party admits all fact well pleaded." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 383 n. 2. Moreover, the question of whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact;Weintraub v. Richard Dahn, Inc., supra, 188 Conn. 573-74; and therefore not appropriate for disposition by the court on a motion to strike. The question of "[w]hether or not one is in control of the situation is [also] ordinarily a question of fact. . . ." Kaplan v. Merberg Wrecking Corp., supra,152 Conn. 418. Therefore, Kovacs does not need to prove the elements of her claim for indemnification at this stage because the relevant inquiry in the present case is only whether Kovacs' allegations,if capable of being proven, state a cause of action. See CT Page 11302Levine v. Bess and Paul Sigel Hebrew Academy of GreaterHartford,. Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). For the foregoing reasons the court denies Saren's motion to strike as it pertains to Kovacs' claim for indemnification.
Furthermore, Saren argues that Connecticut, as a general rule, does not recognize the right of contribution between joint tortfeasors and, therefore, because the cross-complaint is legally insufficient, the motion to strike should be granted. Kovacs counters that the right of contribution between joint tortfeasors is expressly authorized by General Statutes §52-572h (h) and, therefore, because Kovacs' cross-claim is legally sufficient in light of the statutory mandate, the motion to strike is inappropriate and should be denied.
There is no common law right of contribution among joint tortfeasors in Connecticut. Skuzinski v. Bouchard Fuels, Inc.,
supra, 240 Conn. 697. There are, however, certain exceptions. Id. One of the exceptions is provided by General Statutes §52-572 h[1] (Tort Reform II). In actions based on negligence, General Statutes § 52-572h (g)[2] provides for a right of contribution but only after a judgment has been rendered. "[T]he right of contribution arises only after: (1) the claimant has gone to final judgment, (2) the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so, (3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, (4) a reallocation is made by the court, and (5) a defendant is actually required to pay an amount in excess of his share of the original judgment." Rondeau v. Ritenour,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256627 (March 28, 1990, Spear, J.) (1 Conn. L. Rptr. 413). This holding is supported by the language of General Statutes §§ 52-572h (h) and 52-572h (g) which indicate that the right of contribution does not arise until a party pays more than its proportionate share of a judgment. "The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Hanover Ins. Co.v. Fireman's Fund Ins. Co., 217 Conn. 340, 353, 586 A.2d 567
(1991).
Therefore asserting a claim for contribution prior to CT Page 11303 judgment is premature because there has been neither a determination of the proportionate share of damages, nor has Kovacs made any payment in excess of her proportionate share of the plaintiff's claim. Consequently, Kovacs' claim for contribution is legally insufficient. A number of superior court cases have reached the same conclusion. See, e.g., Knapik v.Hanson, Superior Court, judicial district of Waterbury, Docket No. 095518 (May 20, 1992, Cofield, J.) (6 Conn. L. Rptr. 392);Jaye v. Gluck, Superior Court, judicial district of New London at New London, Docket No. 516970 (December 12, 1991, Hurley, J.);Figuiredo v. Purity Supreme, Superior Court, Judicial district of Hartford-New Britain at Hartford, Docket No. 384398 (December 5, 1991, Schaller, J.); Downs v. Torres, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 376966 (August 29, 1991, Hennessey, J.) (4 Conn. L. Rptr. 635);Gurton v. Board of Education, Superior Court, judicial district of New Haven, Docket No. 304261 (April 1, 1991, Hodgson, J.) (6 C.S.C.R. No. 19, 450); Frederick v. General Equities, Superior Court, judicial district of Hartford-New Britain, Docket No. 440834 (February 13, 1991, Allen, J.) (3 Conn. L. Rptr. 340);Vahey v. Dodson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268414 (December 31, 1990, Nigro, J.) (3 Conn. L. Rptr. 91).
"If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper, 41 Conn. Sup. 225, 226,565 A.2d 18 (1989). In the present case, even if Kovacs' claim for contribution is legally insufficient, because Saren's motion to strike is directed to the entire cross-complaint, the motion to strike must fail because Kovacs' indemnification claim is legally sufficient. Therefore, the motion to strike is denied.
STODOLINK, J.