[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
 FACTUAL BACKGROUND
On December 11, 1996, the plaintiffs, Donald and Darlene Shpak, filed a third revised complaint which alleges willful or intentional misconduct under count one and loss of consortium under count two, against the defendants, Dan Beard, Inc., Daniel Beard, Sr., and Daniel Beard, Jr. On July 9, 1997, the court granted the defendants' motion to strike the entire complaint and the court's decision was filed on July 10, 1997. On July 29, 1997, the plaintiffs filed a fourth revised complaint which alleged reckless and/or willful, serious misconduct under count one and loss of consortium under count two, against the defendants. The defendants filed a motion for judgment on the stricken third revised complaint on July 31, 1997, which was denied by the court (Silbert, J.) on September 2, 1997. The defendants then filed the motion to dismiss on September 26, 1997, on the ground that the fourth revised complaint was untimely.
The defendants' motion to dismiss was denied on December 8, 1997, but the court (O'Keefe, J.) granted the defendants' motion to reargue on May 28, 1998 and vacated the denial. Reargument was heard by this court on August 10, 1998.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The grounds which may be asserted in [a motion to dismiss] are:(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of CT Page 13361 process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31, formerly § 143.
The defendants argue that the fourth revised complaint was untimely filed since the pleading was filed more than fifteen days after the court granted their motion to strike the third revised complaint, and that, therefore, the complaint should be dismissed on the ground that the court lacks subject matter jurisdiction. The plaintiffs argue that the court has the discretion to allow a substitute pleading beyond the fifteen day limit set forth in Practice Book § 10-44, formerly § 157.[1]
The defendants have not provided any supporting authority for their argument that an untimely substitute pleading denies the court subject matter jurisdiction. "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . It is a familiar principle that a court which exercises limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citation omitted; internal quotation marks omitted.) Konover v. West Hartford, 242 Conn. 727, 740-41,699 A.2d 158 (1997).
Although time limitations may raise a question of subject matter jurisdiction, those time limitations that do so, are time limitations set forth in a statute. "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived. . ." (Internal quotation marks omitted.) Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 766-67,628 A.2d 1303 (1993). CT Page 13362
Section 10-44 does not provide for judgment to enter after 15 days, only that the court "may, upon motion, enter judgment." As with other pleading requirements, this language gives the court discretion to allow a pleading outside the prescribed time period. See Gladding v. Saren, Superior Court, judicial district of Danbury, Docket No. 327219 (November 17, 1997) (Stodolink, J.) (it is within court's discretion to extend time limitations of Practice Book § 10-61, formerly § 177). In addition, the legislature has enacted an exception to the pleading rules. Under General Statutes § 52-121(a), "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which [the action] is pending." See Hartford Federal Savings Loan Association v. Tucker, 181 Conn. 607, 609, 436 A.2d 1259
(1980) (filing an untimely answer prior to a motion for judgment for default not untimely pursuant to General Statutes § 52-121); Volosin v. Glassman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 113237, 9 CONN. L. RPTR. 107
(May 14, 1993) (Lewis, J.) (pleadings may be filed after the expiration of the time allowed by Practice Book § 10-8, formerly § 114, pursuant to General Statutes § 52-121). Several courts have allowed the submission of a substitute complaint beyond the fifteen-day period set forth in § 10-44. See Allard v.Johnson Memorial Hospital, Superior Court, judicial district of Tolland at Rockville, Docket No. 42988 (August 9, 1990) (Jackaway,J.); D'Amato v. Carpenter and Chapman, Inc., Superior Court, judicial district of New Haven, Docket No. 250606 (December 13, 1988) (Purtill, J.) (4 C.S.C.R. 103); Loe v. Niland, Superior Court, judicial district of Waterbury, Docket Nos. 78808, 78809, 78810 (November 2, 1988) (Healey, J.) (3 C.S.C.R. 923).
In the present case, the plaintiffs filed the fourth revised complaint on July 29, 1998, only four days beyond the period prescribed under Practice Book § 10-44, formerly § 157, and before the defendants filed the motion for judgment, which was two days later. Therefore, the filing of the fourth revised complaint beyond the 15-day period but prior to the defendant's motion for judgment does not implicate the jurisdiction of the court. Accordingly, the defendants' motion to dismiss will be denied.
Based on the foregoing, the defendants' motion to dismiss (#183) is denied. So ordered. CT Page 13363
Michael Hartmere, Judge