[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ANSWER, SPECIAL DEFENSES AND COUNTERCLAIM OF DEFENDANT, DATED JULY 29, 1998, # 164.
The underlying dispute concerns two named defendants, the Sotavento Corporation (Sotavento) and Kings West Limited Partnership (KWLP) in the above action. On June 24, 1997, Sotavento filled a two-count cross-complaint against KWLP in which Sotavento alleged that KWLP was in default on monies owed Sotavento from an outstanding promissory note. On September 22, 1997, Sotavento filed an amended counterclaim in which it added three additional counts against KWLP and the cited-in defendant Marcellio.
On November 7, 1997, KWLP filed an answer and two special defenses that specifically addressed the June 24, 1997 complaint. Then, on July 29, 1998, KWLP filed yet another answer, five special defenses and a counterclaim specifically in response to the September 22, 1997 cross-claim.
On September 10, 1998, Sotavento filed an objection to KWLP's answer, special defenses and counterclaim dated July 29, 1998. In particular, Sotavento argues that KWLP's answer is untimely because a motion for summary judgment was pending before the court at the time of filing[1] and, furthermore, improper because KWLP failed to obtain the court's permission in filing CT Page 14071 the amended answer. KWLP has responded to Sotavento's objection by arguing that a pending motion for summary judgment does not bar the filing of an answer and that, furthermore, an answer in response to an amended complaint is by right and thus it was unnecessary to obtain the court's permission to file the July 29, 1998 answer.
Responses to amended pleadings are governed by Practice Book § 177, now Practice Book (1998 Rev.) § 10-61. Section 10-61, entitled "Pleading After Amendment," states that "[w]hen any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8 or, if the adverse party has already pleaded, alter the pleading, if desired, within ten days after such amendment or such other time as the rules of practice, or the judicial authority, may prescribe, and thereafter pleadings shall advance in the time provided by that section. If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." Practice Book § 177, now Practice Book (1998 Rev.) § 10-61
(quoting from revised section).
When Sotavento filed an amended complaint on September 22, 1997, KWLP, since it had not yet answered the initial cross-complaint of June 24, 1997, had fifteen days to file an answer to the amended cross-complaint. For whatever reason, KWLP did not file an answer to the amended complaint, but rather, on November 7, 1997, filed an answer to the original, now moot, cross-complaint. If the court considers KWLP's answer to the original complaint timely (even though the complaint in question was rendered moot by Sotavento's cross-complaint) than KWLP had ten days to answer the amended complaint. If KWLP did not answer the amended complaint, then the previous answer to the complaint would be applicable, as far as possible. Practice Book § 10-61. Since KWLP's answer was filed some ten months after Sotavento's amended complaint, the July 29, 1998 answer, special defenses and counterclaim would be untimely according to the provisions of Practice Book § 10-61.
General Statutes § 52-121(a), however, provides that "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." General CT Page 14072 Statutes § 52-121(a); Hartford Federal Savings Loan Assn.v. Tucker, 181 Conn. 607, 609, 436 A.2d 1259 (1980). A review of the file indicates that Sotavento has never moved to default KWLP for failure to plead. As such, General Statutes § 52-121(a) allows KWLP to file its answer, special defenses and counterclaim even though the answer was filed some ten months after the amended cross-claim filed on September 22, 1997. See Volosin v.Glassman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113237 (May 14, 1993, Lewis, J.) (answer filed eight months after the amended complaint was permissible).
Sotavento also argues that the filing of KWLP's answer, special defenses and counterclaim was untimely due to the fact that a motion for summary judgment was already pending before the court when KWLP filed the answer. Pursuant to Practice Book § 379, now Practice Book (1998 rev.) § 17-44, a party may move for summary judgment "at any time." As such, it follows that on occasion a motion for summary judgment will be filed prior to the closing of all pleadings. There is no provision in the Practice Book, however, that provides that the filing of pleadings is suspended pending the resolution of the motion for summary judgment.
Though the July 1998 answer, special defenses and counterclaims of KWLP add further confusion to an already complex file, KWLP was within its right in filing that pleading. Since Sotavento failed to move for any default or nonsuit for failure to plead, the July 1998 pleading was proper pursuant to § 52-121(a) even though a motion for summary judgment was pending before the court. Therefore, Sotavento's objection to KWLP's answer, special defenses and counterclaim is overruled.
BALLEN, J.