[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue raised by the plaintiff's objection is whether the time limit provided in Practice Book § 10-61 for filing an amended pleading in response to an adversary's amended pleading is directory or mandatory. The court holds that it is directory.
The plaintiff filed a request for leave to amend its complaint. The defendants objected. The court overruled the objection on December 17, 1999. On January 14, 2000, the defendants filed an amended answer. The plaintiff objects to the defendants' amended answer as untimely pursuant to Practice Book § 10-61.
Practice Book § 10-61 provides: "When any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8 or, if the adverse party has already pleaded, alter the pleading, if desired, within ten days after such amendment or such other time as the rules of practice, or the judicial authority, may prescribe, and thereafter pleadings shall advance in the time provided by that section. If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleadings." Under this provision, the ten day period for the defendants to file their amended answer expired on December 27, 1999.
Since the defendants had filed a prior answer, the reference to "the time provided by [Practice Book] Section 10-8" is inapposite.[1] Also, because neither the plaintiff nor the defendants have identified any other Practice Book rule, the reference to "such other time as the rules of practice . . . may provide" is also inapplicable.
"Whether a rule of practice is mandatory or directory depends on whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the [Practice Book] provision is mandatory. . . . If, however, the . . . provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Citations omitted; Internal quotation marks omitted.) Shelby MutualCT Page 2601Ins. Co. v. Evans, 25 Conn. App. 1, 4-5, 563 A.2d 1041 (1989)
First, the purpose of Practice Book § 10-61 is to afford a party an opportunity to amend its responsive pleading when his opponent has amended his, and to establish that the issue is joined if he does not amend. Second, the portion of Practice Book § 10-61 containing the ten day time period is stated in the affirmative unaccompanied by negative words. Id., 5; compareHughes v. Bemer, 200 Conn. 400, 510 A.2d 992 (1986), with Pepe v.New Britain, 203 Conn. 281, 286-88, 524 A.2d 629 (1987). Indeed, the ten day period has a built in escape clause — "such other time as the rules of practice, or the judicial authority, may prescribe." See Shpak v. Beard, Superior Court, Judicial District of New Haven, No. CV 95 0369337 (Nov. 20, 1998, Hartmere, J.) (23 Conn. L. Rptr. 412). This provision includes Practice Book §10-60.[2] Third, § 10-61 contains no sanction for filing an amended pleading beyond the ten day period. The sentence following that in which the ten day period appears provides that "pleadings already filed" are considered operative "[i]f the adverse party fails to plead further," not "[i]f the adverse party fails to plead further" within the time provided in thesection. The ten day period is designed to secure order, system and dispatch in the proceedings.
That the ten day period in Practice Book § 10-61 is directory does not, of course, license a party to file an amended pleading years after it should have been filed. Here, the defendants' amended answer was filed about a month later than it should have been. Applying the criteria in Beckman v. JalichHomes, Inc., 190 Conn. 299, 203-03, 460 A.2d 488 (1983), for the allowance of amendments to pleadings,[3] the plaintiff's objection to the defendants' amended answer is overruled.
Bruce L. LevinJudge of the Superior Court