[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR WAIVER OF COSTS AND FEES
On July, 2001, the court, (Swienton, J.) granted a petition filed by CT Page 13908 the Department of Children and Families (DCF) to terminate the parental rights of the biological mother, Danielle P., and the putative father, Andre B. Danielle P. has filed a motion for a waiver of fees and costs to appeal that judgment. The attorney for the minor child and the appointed statutory parent, DCF, object to the motion. Andre B. has not sought to appeal the judgment. A hearing on the respondent mother's motion was held on September 28, 2001.[1]
There is no factual dispute as to the indigence of the respondent mother, although she did not file a sworn financial affidavit until two weeks after she filed her motion. DCF and the child's attorney pose objection on the basis that (1) the motion for waiver of costs, fees and other expenses does not adhere to Practice Book Section 63-6, and (2) the appeal is frivolous.
Practice Book Section 63-6 requires that the application for a fee waiver disclose, under oath, the specific grounds upon which the applicant proposes to appeal. This facilitates the court's determination of whether the proposed appeal would be non-frivolous. The recitations of the grounds under oath or by affidavit is mandatory. In re Jamie C., 1990 WL 264791 (Conn.Super. 1990); In re Antina B., 1997 WL 112785 (Conn.Super. 1997) (Both decisions attached to DCF's written objection as Exhibits C and D). A party is not entitled to a waiver of fees and costs in order to pursue a frivolous appeal. Caron v. Adams, 33 Conn. App. 673,693-4, 638 A.2d 1073 (1994); Martinelli v. Martinelli, Superior Court Judicial District of Waterbury, No. FA92-112322, 18 Conn. L. Rptr. 63
(October 25, 1996); Hackett v. Commission on Human Rights Opportunities, Superior Court, Judicial District of Waterbury, No. CV94-0122312, 17 Conn. L. Rptr. 187 (July 19, 1996); In re Sheena I.,
2000 WL 14098056 (Conn.Super. 2000) (Attached to DCF's written objection as Exhibit A).
Danielle P. cites no specific grounds for appeal in her motion. She makes a vague and overly inclusive statement that "her constitutional liberty interests are at stake." This assertion is not under oath, as required by the Practice Book. After reviewing the contents of the court file, the exhibits, the trial transcript and the detailed memorandum in support of the trial court's decision, the proposed appeal is found to be entirely without merit. Moreover, the motion for a fee waiver does not comply with the Practice Book rule. Consequently, the request for a waiver of fees, costs and security is denied.
In a comprehensive and well — reasoned memorandum of decision, the court found that two grounds for termination of parental rights, failure to achieve rehabilitation and no ongoing parent-child relationship, had been proven by clear and convincing evidence. CT Page 13909 Furthermore, the trial court, in the dispositional phase, found by clear and convincing evidence that it was in the child's best interests that parental rights be terminated.
This was a vigorously contested, lengthy trial that included the testimony of an expert psychologist who recommended termination. Danielle P. argued that since she was a product of the foster care system, DCF caused her to fail as a parent. The trial court, however, found that is was Danielle's own inaction that led to her failure to rehabilitate, including her failure to participate in any form of counseling and her failure to cooperate with DCF placements and services. As to the second ground, the trial court's decision that there is no parent child relationship rests on the conclusion that Danielle's own actions, and not the action of DCF, led to the lack of relationship between her and Katherine, which the expert psychologist characterized as negative and on the worse end of the range.
The trial court's dispositional findings are legally correct and factually supported. Expert testimony described the relationship between the mother and the child as one between strangers. The foster mother is the person to whom Katherine is bonded and the court found that the child should not be displaced from this secure placement. (Memorandum of Decision, p. 19).
Danielle P. cannot demonstrate on the factual record that the trial court's findings are clearly erroneous. "The court, as the trier of fact, is free to accept or reject, in whole or in part. the testimony offered by either party." In re Cesar G., 56 Conn. App. 289, 297,742 A.2d 428 (2000). "The testimony of professionals is given great weight in parental termination proceedings." In re Michael M.,29 Conn. App. 112, 127 n. 12, 614 A.2d 832 (1992). On appeal, appellate courts do not retry the facts or pass on the credibility of witnesses, and in termination proceedings, they will not dispute a court's findings absent a clear abuse of discretion. "The standard for review on appeal from a termination of parental rights is whether the challenged findings are clearly erroneous." In re Luis C., 210 Conn. 157, 166, 554 A.2d 722
(1989); In re Christina V., 38 Conn. App. 214, 223, 660 A.2d 863 (1995). On review, every reasonable presumption is made in favor of the trial court's ruling. In re Denzel A., 53 Conn. App. 827, 832, 733 A.2d 298
(1999). This facts of this case, as applied to well-established law, almost indisputably call for a finding to terminate, so derelict was Danielle P. in complying with the specific steps posed to her to promote reunification and in visiting with Katherine.
In addition to the fact that the motion is improper in form, reason alone to deny it, the proposed appeal would be wholly frivolous and only CT Page 13910 serve to delay permanency for Katherine, a child with specialized needs who has been in foster care for more than three and a half years. Always," "the welfare of the child is the paramount consideration "(Internal quotations marks omitted.) McGaffin v. Roberts, 193 Conn. 393,403, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S.Ct. 1747,84 L.Ed.2d 813 (1985)." In re Jonathan M., 255 Conn. 208, 241, ___ A.2d (2001).
For the foregoing reasons, the motion is denied. DCF's objection is sustained. Danielle P. has until October 29, 2001[2] to file an appeal at her expense.
KELLER, J.