EDWARD JANCURA II ET AL. *v.* STANLEY A. SZWED, JR.,
ET AL.

COTTER, C. J., BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued October 11—decision released December 5, 1978

*Snow Gene Munford,* for the appellant-appellee (named defendant).

*Edward Jancura II,* pro se, the appellee-appellant (named plaintiff).

BOGDANSKI, J.   The plaintiffs, Theresa Jancura and Edward Jancura II, brought an action in two counts, respectively, to recover damages for per-

sonal injuries allegedly caused by the negligence of the defendant Stanley A. Szwed, Jr., in the operation of a motor vehicle owned by the defendant Stanley A. Szwed, Sr. In their complaint the plaintiffs alleged that Stanley, Jr., the operator of the motor vehicle, was the agent of the defendant Stanley, Sr., acting within the scope of his employment or authority, and that said motor vehicle was being operated as a family car with general authority of the owner. The jury returned a verdict in favor of the plaintiffs against the operator Stanley, Jr., but found in favor of the defendant owner of the vehicle, Stanley, Sr., against both plaintiffs. From the judgment rendered on the verdict, the defendant Stanley, Jr., and the plaintiff Edward Jancura have both appealed. The plaintiff Theresa Jancura did not appeal.

The plaintiff, in his appeal, claims error in the court's charge and in certain rulings on evidence, while the defendant, in his appeal, assigns error in the denial of his motion to set aside the verdict, in the court's failure to charge as requested, in rulings on evidence, and in the failure of the court to declare a mistrial. Because our decision on the claims of error directed at the charge will be dispositive of both appeals, we need not address the other claims of error assigned by the parties.

The preliminary statements of fact contained in the briefs of the parties pursuant to §§ 631A and 632A[1] of the 1963 Practice Book, as amended, reveal the following: On September 27, 1970, at or about 1:30 p.m., the plaintiff Edward Jancura was operating his motor vehicle in a southerly direction on

[1] Now §§ 3054 and 3055 of the Practice Book, effective July 1, 1978.

route I-91 between Springfield and Hartford. It was raining at the time and the traffic was heavy as the plaintiff's vehicle approached the Windsor area. At the same time, the defendant Stanley Szwed, Jr., was also driving his motor vehicle on I-91 in a southerly direction in the same general area. Upon ascending a rise in the highway, the plaintiff observed that traffic was backed up on the other side. He therefore slowed his vehicle and brought it to a stop. Sometime thereafter, his vehicle was struck in the rear by the defendant's vehicle, as a result of which the plaintiff claimed to have suffered various injuries.

At the close of the evidence, the defendant requested the court to charge the jury as follows: "Although you may find that the plaintiff, Edward Jancura, was injured by the negligence of the defendants, the plaintiff, Edward Jancura, is obliged by law to use reasonable care to minimize his damages and to promote a recovery. The test to be applied is his good faith and reasonable conduct; that is, he should have done what under the circumstances a person of reasonable prudence would have done." The defendant also submitted other more detailed requests in elaboration of that issue. The court did not adopt any of those requests and failed to give any charge on the subject of a plaintiff's duty to minimize damages. The defendant contends that the court's failure to charge on that issue constituted reversible error.

In response, the plaintiff asserts that the defendant failed to comply with the provisions of § 631A (c) of the 1963 Practice Book which require a party who makes assertions of fact in his

argument to make appropriate references to the statement of facts or the page or pages of the record or transcript where such facts are found; that because the defendant failed to make such references in his argument, this court is precluded from considering the merits of the defendant's claim. We do not agree.

While the defendant did not refer to the appropriate pages of the record or transcript in his argument, as required by § 631A (c), he did make the necessary references in his preliminary statement of facts. In that preliminary statement the defendant set forth in considerable detail the underlying facts in support of his request to charge with appropriate references to the transcript or record.

Although those references were not in strict compliance with § 631A (c) and did require this court to search other sections of the brief, they do, nonetheless, provide the necessary factual basis for a proper review of the defendant's claim that the court erred in refusing to charge on the subject of mitigation of damages.

It has long been a " 'rule of general application that one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries.' " *Sette* v. *Dakis,* 133 Conn. 55, 60, 48 A.2d 271. When there are facts in evidence which indicate that a plaintiff may have failed to promote his recovery and do what a reasonably prudent person would be expected to do under the same circumstances, the court, when requested to do so, is obliged to charge on the duty to mitigate damages.

In the present case, there was evidence that a number of doctors could find nothing physically wrong with the plaintiff; that Stephen R. Freidberg, the plaintiff's own doctor, recommended that he go back to work and maintain a full and vigorous life; that the plaintiff's doctors gave him exercises to do but that he stopped doing them after only a few weeks, claiming that they caused him pain; and that the plaintiff repeatedly refused to have an operation for his alleged back condition, contrary to the recommendations of his own and other doctors. In view of that evidence in support of the defendant's request to charge, the court committed error in not so charging.

The plaintiff, at the close of evidence, requested the court to charge on the family car doctrine as follows: "Proof or stipulation that the operator of a motor vehicle was the son of the owner shall raise [the] presumption that such motor vehicle was being operated as a family car with the general authority from the owner, and shall impose upon the defendant the burden of rebutting such [a] presumption." Although there was evidence that the defendant Stanley, Sr., was the father of the operator, Stanley, Jr., and that the son was about eighteen years of age and living in the same household with the father at the time of the accident, the court failed to charge the jury on the family car doctrine as requested.

The theory behind the family car doctrine is that " 'when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it.' " *Dibble* v. *Wolff*, 135

Conn. 428, 433, 65 A.2d 479. In Connecticut, the family car doctrine has long been a matter of statute.[2]

This court has repeatedly held that our statute goes further than merely establishing a presumption, in that it expressly places upon the defendant the burden of introducing evidence to rebut the presumption created by the statute. Moreover, that presumption is not ousted simply by the introduction of any evidence to the contrary. Indeed, as Chief Justice Maltbie noted in *Koops* v. *Gregg*, 130 Conn. 185, 188, 32 A.2d 653, "The presumption ceases to be operative [only] when the trier finds proven facts which fairly put in issue the question . . . ; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." See *Hunt* v. *Richter*, 163 Conn. 84, 90–91, 302 A.2d 117; *Dibble* v. *Wolff*, 135 Conn. 428, 435, 65 A.2d 479. Moreover, a plaintiff who alleges the fact of agency in his complaint does not thereby waive the presumption of the statute and assume the burden of proof thereon. *Skut* v. *Boardman*, 137 Conn. 675, 678, 81 A.2d 110.

The plaintiff contends that by failing to charge on the statutory presumption and its application to the facts of this case, the court denied him the benefit of the statute; that in other parts of the charge

---

[2] Section 52-182 provides, in pertinent part: "PRESUMPTION OF FAMILY CAR . . . IN OPERATION BY CERTAIN PERSON. Proof that the operator of a motor vehicle . . . was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."

the court instructed the jury that the plaintiff had the burden of proof as to all allegations of his complaint; and that in the absence of a charge on the statutory presumption, it is likely that the jury believed that the plaintiff was required to bear the burden of proof as to the family car issue in the first instance, even if the jury did not believe the defendant's evidence on the issue. The claim has merit.

We conclude that the court's failure to charge on the statutory presumption of the family car doctrine and its application to the case was reversible error.

There is error on the plaintiff Edward Jancura's appeal and on the defendant Stanley Szwed, Jr.'s appeal. The judgment is set aside as to the second count of the complaint and the case is remanded for a new trial as to that count.

In this opinion the other judges concurred.