DEBRA A. DIONNE *v.* PAUL MARKIE ET AL.
(13556)

DUPONT, C. J., and SCHALLER and SPEAR, Js.

Argued May 31—decision released August 22, 1995

*Mark E. Blakeman,* with whom was *Justine R. Tobis,* for the appellant (plaintiff).

*Lorinda S. Coon,* for the appellees (defendants).

SPEAR, J. The plaintiff appeals from the trial court's judgment, rendered after a jury verdict, in favor of the defendants Paul Markie, Paul Markie doing business as Markie Motors, and T.K. Sales, Inc.[1] The dispositive issue is whether the trial court improperly failed to charge the jury on the statutory presumptions of family car use and general authority pursuant to General Statutes § 52-182.[2] We find that the failure to so charge was plain error and reverse the judgment of the trial court. In view of this disposition, it is unnecessary to reach the plaintiff's remaining claims.[3]

---

[1] Counsel stipulated at trial that the defendants Paul Markie, Paul Markie doing business as Markie Motors, and T.K. Sales, Inc., were to be considered as having the same interests and were to be viewed as one entity.

[2] General Statutes § 52-182, which codifies the family car doctrine, provides in pertinent part: "Proof that the operator of a motor vehicle . . . was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."

[3] The plaintiff's remaining claims are (1) whether the trial court abused its discretion in submitting special interrogatories to the jury when the special interrogatories confused and misled the jury, (2) whether the jury could

The jury reasonably could have found the following facts. On May 3, 1992, a car driven by the defendant, Douglas Markie, collided with the plaintiff's car. The car driven by Douglas was owned by his father, Paul Markie doing business as Markie Motors, and T.K. Sales, Inc. On the day of the accident, Douglas drove the car off the lot of the used car dealership owned by his father. The plaintiff sued Douglas as the operator of the car and Paul Markie, alleging an agency theory,[4] as well as the family car doctrine pursuant to § 52-182.[5]

Pursuant to § 52-182, proof that the operator of a motor vehicle was the husband, wife, father, mother, son or daughter of the owner raises a presumption that the motor vehicle was being operated as a family car within the scope of a general authority from the owner. The burden then shifts to the defendant to rebut this presumption.

At trial, the court instructed the jury on the family car doctrine as a basis for the defendants' liability pursuant to § 52-182.[6] The trial court, however, failed to

have reasonably and legally found that Douglas Markie did not have general authority to operate the family vehicle at the time of the accident, (3) whether the trial court erred in failing to set aside the jury verdict when the verdict was contrary to law and against the evidence produced at trial, (4) whether the jury's responses to the special interrogatories as to the family car doctrine and agency were contradictory, inconsistent, conflicting and irrational as a matter of law, and (5) whether the court erred in failing to set aside the verdict when the jury's responses to the special interrogatories were contradictory, inconsistent, conflicting and irrational as a matter of law.

[4] In response to a special interrogatory, the jury found that Douglas was not an agent of the defendants at the time of the accident.

[5] See footnote 2.

[6] Our Supreme Court has established that family corporations can be liable under the family car doctrine. *Durso* v. *A. D. Cozzolino, Inc.*, 128 Conn. 24, 30, 20 A.2d 392 (1941). There is "no valid distinction between a situation where it is owned and maintained by a member of the family and one where, as here, it is owned and maintained by a family corporation for the use of the family . . . ." Id.

instruct the jury on the statutory presumption established in § 52-182. Instead, the jury was instructed that the burden was on the plaintiff to prove all elements of the family car doctrine.[7] The plaintiff did not object to this jury instruction at trial.[8] The jury returned a verdict for the plaintiff as against Douglas in the amount of $68,796.17, but found in favor of the other defendants. In response to a special interrogatory, the jury answered no to the following question: "Do you find that Douglas Markie had a general authority to use the car at the time of the accident?"[9]

---

[7] The relevant portion of the jury instruction is: "You'll see as you look at this issue and I'll instruct you, that there are really three essential propositions or elements involved in the family car doctrine, each of which must exist if the doctrine is to apply. So when you're evaluating this question on the family car doctrine, ask yourself the following questions and ask whether or not these elements have been proven. And they are as follows: first, has the plaintiff, Mrs. Kulas, proven that the car was owned by the defendant, Paul Markie . . . and maintained by him for the general use and convenience of one or more members of his family other than himself and including his son, Douglas Markie? The second question—second, at the time of the accident was it being used by Douglas Markie for his pleasure or convenience? And, third, did Douglas Markie have general authority to use the car and was he at the time in question driving it under and within the scope of his general authority? *Unless the plaintiff proves all three of these elements then she cannot recover against the defendants, Paul Markie or Markie Motors or T.K. Sales, under the family car doctrine.*" (Emphasis added.)

[8] After some deliberation, the jury requested that it be reinstructed on the family car doctrine. The judge reiterated his earlier instruction. Again, the plaintiff did not object to the instruction.

[9] The special interrogatories to the jury relating to the family car doctrine were presented and answered as follows:

"1. Do you find that the Defendants Markie Motors dba T.K. Sales, Incorporated or Paul Markie dba Markie Motors owned the vehicle that Douglas Markie was operating at the time of the accident?

"Yes.

"2. Do you find that the car was being used by Douglas Markie as a family car for his pleasure and convenience at the time of the accident?

"Yes.

"3. Do you find that Douglas Markie had a general authority to use the car at the time of the accident?

"No."

The plaintiff claims that the trial court should have instructed the jury on the presumption set forth in § 52-182. The defendants assert that the plaintiff did not bring this claim to the trial court's attention pursuant to Practice Book § 315,[10] and, thus, did not adequately preserve it for appellate review. The plaintiff concedes that she did not comply with § 315, but asserts that she is entitled to plain error review.

"Where a claimed error of a nonconstitutional nature is not brought to the attention of the trial court, appellate review of that claim is available only if it constitutes plain error." *Aksomitas* v. *Aksomitas*, 205 Conn. 93, 97, 529 A.2d 1314 (1987); see also Practice Book § 4185.[11] "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 181 Conn. 607, 609, 436 A.2d 1259, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980); *Smith* v. *Czescel*, 12 Conn. App. 558, 563, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 1316 (1987).

We have consistently held that plain error review is necessary where the trial court, in its instruction, overlooks a clearly applicable statute; *State* v. *Hinckley*, supra, 198 Conn. 88; *State* v. *Burke*, 182 Conn. 330, 331–32, 438 A.2d 93 (1980); *Hartford Federal Savings*

[10] Practice Book § 315 provides in pertinent part: "The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . ."

[11] Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interest of justice notice plain error not brought to the attention of the trial court. . . ."

*& Loan Assn.* v. *Tucker*, supra, 181 Conn. 609; *In re Jonathan P.*, 23 Conn. App. 207, 211, 579 A.2d 587 (1990); or where the trial court fails to comply with a relevant statute. *State* v. *Ellis*, 32 Conn. App. 849, 853, 632 A.2d 47 (1993). In the present case, the trial court did instruct the jury on the family car doctrine, but failed to instruct the jury on the statutory presumption. The trial court, through its instruction, allocated the burden of proving that Douglas was acting under the general authority of the defendants to the plaintiff without the benefit of the statutory presumption. Pursuant to § 52-182, the plaintiff was entitled to a presumption on the issue of general authority upon proving that Douglas was the son of the owner of the car. The plaintiff, therefore, should have been relieved of the burden of going forward with evidence on the issue. The trial court's failure to comply with the express statutory language found in § 52-182 necessitates a plain error review.

Our Supreme Court's decision in *Jancura* v. *Szwed*, 176 Conn. 285, 407 A.2d 961 (1978),[12] addresses a fact pattern that is almost identical to the facts here. In *Jancura*, the trial court instructed the jury on the family car doctrine but denied the plaintiff's request to charge the jury on the statutory presumption. Id., 289. On appeal, the Supreme Court found that the trial "court denied [the plaintiff] the benefit of the statute . . . and that in the absence of a charge on the statutory presumption, it is likely that the jury believed that the plaintiff was required to bear the burden of proof as

---

[12] In *Jancura*, the plaintiff, injured in an automobile accident, obtained a jury verdict against the operator of the automobile, but did not prevail against the operator's father, the owner of the vehicle. The plaintiff had requested the trial court to charge the jury on the family car statutory presumption provided for in § 52-182. *Jancura* v. *Szwed*, supra, 176 Conn. 287. The trial court denied the request and instructed the jury that "the plaintiff had the burden of proof as to all allegations of his complaint . . . ." Id., 290–91.

to the family car issue in the first instance, even if the jury did not believe the defendant's evidence on the issue." Id., 290–91. The Supreme Court held that the failure to charge the jury on the presumption was reversible error. Id., 291. In the present case, we must presume that the jury believed that the plaintiff was required to bear the burden of proof in the first instance because the trial court explicitly charged the jury that "[u]nless the Plaintiff proves all three of these elements then she cannot recover against the defendants, Paul Markie or Markie Motors or T.K. Sales, under the family car doctrine."

The defendants claim that the trial court's failure to instruct the jury on the statutory presumption was not plain error. They contend that any error committed was harmless since there was sufficient evidence in the record to rebut the presumption that Douglas was acting under the general authority of the defendants. The defendants principally rely on the jury's answer to the third special interrogatory relating to the family car doctrine. In response to the question, "Do you find that Douglas Markie had a general authority to use the car at the time of the accident?" the jury answered "No." The defendants assert that the jury's answer demonstrates that they offered sufficient evidence to rebut the presumption in § 52-182.

We are unpersuaded by this argument. "[Section 52-182] goes further than merely establishing a presumption, in that it expressly places upon the defendant the burden of introducing evidence to rebut the presumption created by the statute. Moreover, that presumption is not ousted simply by the introduction of any evidence to the contrary. . . . The presumption ceases to be operative [only] when the trier finds proven facts which fairly put in issue the question . . . if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does

not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." (Citation omitted; internal quotation marks omitted.) *Jancura* v. *Szwed*, supra, 176 Conn. 290; see also *Cook* v. *Nye*, 9 Conn. App. 221, 227, 518 A.2d 77 (1986).

Without the benefit of the presumption, the jury may have reasonably concluded that the plaintiff *failed to offer any evidence to prove* that Douglas was acting under the general authority of the defendants, thereby necessitating a verdict for the defendants. The jury may not have even considered the defendants' evidence in arriving at its verdict. Furthermore, the jury did not know that the presumption required a finding in favor of the plaintiff on this issue if it disbelieved the defendants' evidence. Although the claim of instructional error here was not properly raised and preserved, as was the case in *Jancura*, the harm to the plaintiff here was as egregious. We conclude that the error was so obvious and so affected the fairness of the trial that it constituted plain error.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.