[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff sues on the ground defendant breached a contract to purchase a gasoline service station. Defendant denies the breach and counterclaims for a $5,000 deposit paid under the contract.
The facts are as follows: Plaintiff and defendant entered into a sale and purchase agreement dated May 19, 1993 pursuant to which plaintiff agreed to sell and defendant to buy a gasoline filling station/convenience food store in West CT Page 2979 Hartford, Connecticut for $40,000 plus the value of inventory. Defendant paid down a $5,000 deposit and the closing was to be on June 30, 1993. The agreement contained the following condition:
 "5. b. The obligation of the Buyer to consummate the transaction contemplated by the Agreement shall be subject to the satisfaction of the condition and contingencies as follows:
 i.i.i The Landlord of the premises shall enter into a lease with Buyer."
The contract was prepared by the plaintiff and, in fact, was the one pursuant to which he had purchased the property from his predecessor.
The landlord was Shell Oil Company. The existing lease on the premises was dated March 1, 1991 and expired February 29, 1996. The defendant sought to get a new lease from Shell Oil, but it refused to give one.
Shell's practice was to agree to an assignment of the existing lease and to retain the option as to whether or not to renew on the lease termination date. A federal statute, the Petroleum Marketing Practices Act, 15 U.S.C. § 2802, requires a motor fuel franchisor to renew a station lease for five years unless good grounds for non-renewal, as stated in the statute, (15 U.S.C. § 2802 (b)(3)), are established. The defendant was not aware of that statute.
After signing the sale and purchase agreement, defendant applied for, attended, and passed the Shell Oil training program. However, because Shell Oil refused to renew the lease, he declined to consummate the transaction.
At the time defendant failed to make the purchase, plaintiff was working very hard to keep the station open, he was mentally and emotionally depleted, and his wife was threatening him with a divorce. He testified that although he thought he could have gotten $40,000 for the station if he placed it with an agent, at that point he "just wanted out," and so on August 11, 1993, he sold the station for $1.00 plus CT Page 2980 the value of the inventory.
Plaintiff has failed to prove defendant breached the sales/purchase agreement. The agreement contained the condition that the landlord shall enter into a lease with the defendant
The Agreement was prepared by the plaintiff and, in fact, it was used by him to purchase the station from his seller. Although the particular condition was not discussed by the parties, plaintiff clearly was familiar with it and bound by it.
Defendant made an effort to get Shell Oil to enter into a lease with him. Shell refused. The fact Shell had a practice of assigning to a new lessee of a station the existing lease does not satisfy the condition in the agreement both parties had agreed to. As of the contract closing date of June 30, 1993, that lease had only two years and eight months to go. The defendant had contracted for and had a right to expect a new lease from Shell Oil. Shell's refusal to give it to him constituted a breach of a material condition of the agreement and relieved defendant of any obligation under the agreement.
There is a second reason plaintiff cannot recover. He failed to mitigate his damages. The rule in negligence cases is that "one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries." Morro v. Brockett,109 Conn. 87, 92 (1929) quoted with approval in Preston v.Keith, 217 Conn. 12, 15 (1991). The rule applies equally to contract actions. Lynch v. Granby Holdings, Inc., 37 Conn. App. 846,851 (1995).
The defendant has the burden to prove plaintiff's failure to mitigate damages. Preston v. Keith, supra, at p. 16; Lynchv. Granby Holdings, Inc., supra, at p. 851. However, it is one of the quirks in our law that while the defendant has the burden of proof on the issue, he does not have to plead it as a special defense. This can be inferred from Jancura v.Szwed. 176 Conn. 285, 288 (1978) where the Supreme Court said, "When there are facts in evidence which indicate that a plaintiff may have failed to promote his recovery and do what a reasonably prudent person would be expected to do under the CT Page 2981 circumstances, the court, when requested to do so, is obliged to charge on the duty to mitigate damages." Significantly the Supreme Court referred to the "facts in evidence" and not the pleadings.
The issue came squarely before the Appellate Court inPreston v. Keith, 20 Conn. App. 656, 663 (1990), affd217 Conn. 12 (1991), where the court said, "The majority rule, however, is that although the defendant need not speciallyplead it [plaintiff's failure to mitigate damages], the defendant `must bring forward evidence that the defendant could reasonably have reduced his loss or avoided injurious consequences, and he must finally convince the jury of this in order to succeed on this issue.'"
The court cites C. McCormick, Handbook on the Law of Damages (1935) which states at § 33, p. 130: "It is significant in that, as a matter of pleading, contributory negligence is to be asserted as a complete defense, whereas the doctrine of avoidable consequences is not considered a defense at all, but merely a rule of damages by which certain particular items of loss may be excluded from consideration. Being thus a matter in `mitigation,' it need not be specially pleaded at all by the defendant."
In the instant case plaintiff admitted that he could have gotten $40,000 for the station from a new purchaser if he dealt through an agent, but he was so emotionally depleted at the time that he sold it for one dollar. His emotional condition did not justify his giving the station away. If he hoped to seek damages from the defendant for the difference between the contract price and the price to be obtained from a new purchaser, he had the obligation to use a good faith effort to obtain fair market value. His failure to do so constitutes a failure to mitigate damages. Defendant sustained his burden of proof on that issue and plaintiff is not entitled to recover any damages.
Because defendant also proved a material condition of the agreement between the parties was not fulfilled, defendant is entitled to the return of his $5,000 deposit.
Accordingly, judgment may enter for defendant on plaintiff's Complaint and for the defendant for $5,000 on defendant's Counterclaim. CT Page 2982
Robert Satter State Judge Referee