[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the Court is the application of the plaintiff for a $100,000.00 attachment of real estate of the defendant Elaine Kane. The defendant was the owner of a vehicle operated by her son, Thomas Kane, Jr., which struck the plaintiffs car causing personal injuries to the plaintiff. It is agreed that the defendant Elaine Kane's policy of insurance provides sufficient coverage for the claim for compensatory damages. However, the plaintiff contends that the security of attachment is needed for punitive damages authorized by § 14-295 of the statutes which the plaintiff seeks because the defendant Elaine Kane's son was either impaired or intoxicated when he struck the plaintiffs car. Although the complaint pleads that the defendant was operating the vehicle as the agent and servant of Elaine Kane, no evidence was offered of that and it is clear that plaintiff relies on the family car doctrine, § 52-182, which she says makes the defendant Elaine Kane liable for punitive damages.
There is a statutory presumption under § 52-182 that the automobile being operated by a family member was being operated as a family car within the scope of general authority from an owner. Dionne v. Markie, 38 Conn. App. 852, 663 A.2d 420. The CT Page 1842 effect of the family car doctrine is to provide an exception to the general principle that one who permits another to drive his automobile does not become liable for the driver's negligence unless he is pursuing an agency or employment for the owner.Durso v. A. D. Cozzolino, Inc., 128 Conn. 24, 20 A.2d 392 (1941). This court holds, however, that this statutory presumption and its effect applies only to awards of compensatory damages, not the multiple statutory punitive damages authorized by § 14-295
of the statutes.
Section 14-295 of the General Statutes authorizes punitive multiple damages to be imposed by a fact finder in certain personal injury cases. The statute specifically states that the party against whom such damages are assessed must have "operated" a motor vehicle in violation of the triggering motor vehicle statutes. Because the provisions of § 14-295 require operation by a defendant before imposition of punitive damages, this court holds that even under the § 52-182 family car doctrine, § 14-295 does not authorize multiple damages against a parent who has neither operated the vehicle nor caused it to be operated in the violative egregious fashion by another family member. Section 14-295 has a requirement within its terms that the violation of a triggering motor vehicle statute be a proximate cause of the injuries and damages. This court has previously ruled in Zarcu v. Keith, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057132 (June 26. 1997) (Flynn, J.) (19 CONN. L. RPTR. 663), that the definition of "operated" was broad enough to include a trucking company which proximately caused a truck to be operated at excessive speed. The Court ruled it could be held liable for punitive damages because of the specific presumption of agency found in Section 52-183 of the statutes and because, given the favorable inferences to which the plaintiff was entitled on a motion to strike the complaint, it was possible to infer that owner rather than driver was responsible for the operation of the vehicles at its alleged high speed by setting too tight a schedule for cargo pick up and delivery. As distinguished from Zarcu, the only evidence in this case points to a probable cause claim under the family car doctrine, yet there is no evidence that the parent directed, knew of or proximately caused the operation of the vehicle by a family member in a drunken or impaired state. As was pointed out by Judge Sferrazza in Bissonette v. Pomeroy, Superior Court, judicial district of Windham at Putnam, Docket No. 054782 (July 1, 1997) (Sferrazza, J.) (19 CONN. L. RPTR. 664), "At common law no punitive or exemplary damages were assessable against owners CT Page 1843 for the acts of their agents if the owner's liability was purely vicarious." Eventually a statute was passed making a vehicle owner liable for damages an operator of a vehicle did not pay. Levitz v. Norton, 51 Conn. 461, 469 (1883). Two statutes, § 14-295 and § 14-154a, modified this law. Civil or penal statutes passed in derogation of common law must be strictly construed. Stoll v. Judd Co., 106 Conn. 551, 556, 138A.479 (1927). "In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly within its scope. The court is to go no faster and no further than the legislature has gone . . ." (Internal quotation marks omitted.) Edmundson v. Rivera,169 Conn. 630, 633, 363 A.2d 1031 (1975). Passage of § 14-154a
which extends that liability vicariously only to non-operating lessors left us with a legal setting wherein owners who did not operate vehicles and did not proximately cause them to be operated in a manner violative of the triggering statutes were not held vicariously liable for § 14-295 multiple punitive damages unless they were owners who were also lessors. The cardinal rule of statutory construction is that statutes must be construed to give effect to the intent of the legislature. Statev. Parmalee, 197 Conn. 158, 161, 496 A.2d 186 (1985). Section14-295 of the statutes unambiguously applies to vehicles operated by a defendant. There is no need for further construction. Punitive damages are therefore inappropriate given the language of the law which authorizes them. The purpose of statutory punitive damages is to deter egregious conduct. Lenz v. CNA Assurance Co.,42 Conn. Sup. 514, 515, 630 A.2d 1082, 9 CONN. L. RPTR. 87 (1993). Imposing them in this case could not serve to deter the parent from conduct in the manner of "operation" of the motor vehicle by her son which, albeit wrongful, she did not cause or have reason to know about or expect. Probable cause has not been established that the defendant Elaine Kane could be held liable for punitive damages.
Attachment of her property is denied.
FLYNN, J.