[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 110)
The plaintiffs, Tom and Carlos Rosario, filed a four-count revised complaint dated September 26, 1998, against the defendants, John and Martha Barath. The plaintiffs allege the following facts. On November 11, 1996, at approximately 11:05 p. m., Tom Rosario was attempting to enter Carlos Rosario's car, which was parked in a westerly direction on Stratford Avenue in Bridgeport. At about this time, John Barath, driving his vehicle in a westerly direction on Stratford Avenue, operated the car so as to cause it to crash into Carlos Rosario's car. Martha Barath is the co-owner of the vehicle John Barath was driving at the time of the accident. In counts one and three, the plaintiffs allege that John Barath was negligent. In counts two and four, the plaintiffs allege that Martha Barath is vicariously liable Under the family car doctrine.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. V. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Enc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton, CT Page 7080212 Conn. 138, 142, 561 A.2d 432 (1989)
Martha Barath (hereinafter the defendant) moves to strike counts two and four on the ground that the plaintiffs fail to state a cause of action. Specifically, the defendant argues that the plaintiffs do not allege that John Barath was negligent in counts two and four, and, therefore, cannot properly allege vicarious liability.
In counts one and three, the plaintiffs allege that John Barath was negligent in the operation of the car. (Revised Complaint, Counts One and Three, ¶ 6.) However, the plaintiffs fail to incorporate the allegation of John Barath's negligence in counts two and four, which attempt to state a claim for vicarious liability against the defendant under the "family car doctrine." The family car doctrine provides that "when an automobile is maintained by an owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." (Internal quotation marks omitted.) Jancura v. Szwed,176 Conn. 285, 289, 407 A.2d 961 (1978).
Here, the plaintiffs have not alleged in counts two and four that John Barath was negligent in the operation of his motor vehicle. Nor have the plaintiffs alleged that John Barath was operating the vehicle as a family car under the general authority of the defendant.[1] Accordingly, counts two and four fail to state a cause of action for vicarious liability against the defendant.
Accordingly, the defendant's motion to strike counts two and four of the revised complaint is granted.
Skolnick, J.