[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of an automobile collision during which the plaintiff allegedly sustained significant injuries when, while driving his vehicle, he was struck head-on by a vehicle driven by the defendant, Ashleigh Myer (Myer), and owned by the other defendant, Paula Jeanne Castiglia (Castiglia). In his amended complaint,[1] filed November 14, 2001, the plaintiff alleges that the collision and his injuries were caused by Myer's negligent and careless operation of Castiglia's vehicle. The plaintiff further alleges that Myer was an agent of Castiglia and was operating the vehicle with Castiglia's permission.
Pursuant to Practice Book § 17-44 et seq., Castiglia has moved for summary judgment and argues that because Myer was not Castiglia's agent, Castiglia cannot be held vicariously liable for Myer's alleged negligence or carelessness. Through the supporting memorandum, Castiglia's affidavit, and an excerpt of Castiglia's deposition, Castiglia argues that although her daughter, Stephanie Armstrong (Armstrong), had permission to drive her vehicle, Armstrong did not have her mother's permission to allow anyone else to drive it, and that Castiglia did not know that Armstrong had allowed Myer to drive her vehicle. In light of this supporting documentation, Castiglia concludes, the presumption of agency established by General Statutes § 52-183[2] is rebutted, and she cannot be held liable.
In opposition, the plaintiff argues that the statutory presumption created by § 52-183 is not rebutted by, specifically, Castiglia's affidavit, but rather, that the affidavit raises a genuine issue of material fact, rendering this issue inappropriate for summary judgment. Furthermore, the plaintiff relies heavily on Castiglia's original answer, dated March 8, 1999, in which Castiglia admitted that Myer was operating a vehicle with the permission of the Defendant Castiglia at the time of the accident." (Castglia's Answer, 3/8/99, count one, ¶ 15 and count two, ¶ 13.) CT Page 426
Castiglia has responded to the plaintiff's opposition and argues that, because Myer was not Castiglia's agent at the time of the subject collision, whether or not Myer had permission to operate the vehicle is irrelevant to this matter. Castiglia quotes Boscarino v. Jackson, Superior Court, judicial district of Hartford, Docket No. CV 99 0590885 (April 18, 2002, Beach, J.), where the court explained that "one can have permission to operate a car and at the same time not be an agent of the owner; the general test is whether the operator is performing some task for the owner's benefit at the time." Because, Castiglia argues, Myer was not doing anything for Castiglia's benefit or on her behalf when the collision occurred, Myer was not Castiglia's agent. The plaintiff filed a supplemental brief in opposition to the motion for summary judgment, to which the defendant responded.
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Internal quotation marks omitted.) Fraser v. United States, 236 Conn. 625, 639, 674 A.2d 811, cert. denied, 519 U.S. 872, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996). It is a "method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mailer of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). It is well-established that "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585,590-91, 804 A.2d 170 (2002).
General Statutes § 52-183 "creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner." Bogart v. Tucker, 164 Conn. 277,281, 320 A.2d 803 (1973). Therefore, the first question to be addressed is whether Castiglia has successfully rebuffed the statutory presumption that Myer was Castligia's agent at the time of the collision. Connected to this question is whether, as a result of rebutting the presumption, a question of material fact has arisen, therefore, denying the defendant the right to judgment as a matter of law.
It is well accepted that § 52-183 goes "further than merely establishing a presumption in that [it] definitely place[s] the burden of rebutting it upon the defendant. But that burden is restricted to rebutting the presumption; it does not shift to the defendant the burden CT Page 427 of proving that . . . the operator was not the agent of the owner. . . . The presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car was . . . operated by an agent of the owner . . . then rests up on the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." Koops v. Gregg, 130 Conn. 185, 188, 32 A.2d 653
(1943) (followed by Jancura v. Szwed, 176 Conn. 285, 407 A.2d 961
(1978)).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
To decide this issue summarily, as Castiglia requests, the rebuttal evidence must be "of such a nature that it could not rationally be disbelieved." Bogart v. Tucker, supra, 164 Conn. 282 (exploring the relationship between the statutory presumption and a motion for directed verdict). If the rebuttal evidence is of this type, then the presumption created by § 52-183 ceases to operate, and the plaintiff regains the burden of proving the alleged agency relationship between the operator, Myer, and the owner, Castiglia.
To support her motion for summary judgment, Castiglia has submitted the following documents: Castiglia's sworn affidavit; a certified excerpt of Castiglia's deposition testimony; an uncertified full transcript of Castiglia's deposition testimony; and an uncertified full transcript of Myer's deposition testimony. Although there is a split among the trial courts whether uncertified deposition testimony may be used in deciding a motion for summary judgment; Schratwieser v. Hartford Casualty Ins. Co.,44 Conn App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915,696 A.2d 340 (1997); this court has previously decided that it may not. See Young v. Guy F. Atkinson Co., judicial district of Stamford/Norwalk at Stamford, Docket No. CV 91 01141677 (October 27, 1994, Lewis, J.); Balderston v. Shoals Construction, Inc., judicial district of Stamford/Norwalk at Stamford, Docket No. CV 89 0102268 (July 1, 1993,Lewis, J.) (9 Conn.L.Rptr. 343). Therefore, the uncertified, CT Page 428 unauthenticated deposition testimony of both Myer and Castiglia will not be considered with respect to this motion.
In her affidavit, Castiglia admitted that she is the owner of the subject vehicle and that her daughter had permission to drive the car. Castiglia also averred that her daughter was not allowed to permit anyone else to operate the vehicle, that until she learned of the collision, Castiglia did not know that her daughter allowed Myer or anyone else to operate the vehicle, that Castiglia did not know that Myer would be operating the vehicle at the time of the collision, and that Myer was not Castiglia's employee and was not doing anything for Castiglia's benefit or in the execution of her business. In the certified excerpt of the deposition testimony, Castiglia admitted that her daughter's use of her car was limited, that her daughter was only allowed to drive within the city limits of Westport, that her daughter had to inform her if she was using the car for any other purpose other than going to school, and that "it was understood that she would be the only driver of the car." (Castiglia's Deposition at 8-18.)
What concerns this court is that, in her original answer, Castiglia denied that Myer was her agent[3], but admitted that "Myer was operating a vehicle with the permission of defendant Castiglia at the time of the accident." (Castiglia's Answer, 3/8/99, count one, ¶ 15 and count two, ¶ 13.) Although Castiglia's answer was eventually amended to deny both an agency relationship and permission to drive the car; Castiglia's Answer to Amended Complaint, 11/7/02, ¶ 12; "[u]pon the amendment of the original answer, the superceded pleading ceases to be a conclusive judicial admission and becomes . . . an evidentiary admission to be weighed and considered by the trial court along with the rest of the evidence." Crowell v. Danforth, 222 Conn. 150, 155, 609 A.2d 654
(1992).
Despite her previous admission that she gave Myer permission to drive her vehicle, that other than her daughter, Castiglia now claims that no one else had permission to driver her vehicle and that she did not know that Myer had done so. Other than that Castiglia was represented by a different attorney when the first answer was filed, no further explanation has been offered regarding why her statements differ. In light of the discrepancies, the rebuttal evidence submitted by Castiglia is not "of such a nature that it could not rationally be disbelieved."Bogart v. Tucker, supra. 164 Conn. 282. While it may be true, as Castiglia asserts, that one can have permission to operate a car and at the same time not be an agent of the owner . . ."; Boscarino v. Jackson, Superior Court, judicial district of Hartford, Docket No. CV 99 0590885 (April 18, 2002, Beach, J.); "[a] person operating an automobile as an CT Page 429 agent of the owner within the scope of his agency must necessarily be operating with the permission of the owner." Skut v. Hartford Accident andIndemnity Co., 142 Conn. 388, 394, 114 A.2d 681 (1955). While one with permission to operate a car may not be the owner's agent, it cannot be said that one who has permission to operate a car is never the owner's agent.
"A material fact has been defined adequately and simply as a fact which will make a different in the result of the case. (Internal quotation marks omitted.) United Oil Co. v. Urban Development Commission,158 Conn. 364, 379, 260 A.2d 596 (1969). "Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." (Internal quotation marks omitted.) Id. To consider this discrepancy regarding permission irrelevant and not related to the underlying presumption of agency created by § 52-183
would be improper.
Because the rebuttal evidence is not such that the trier of fact could not reasonably reach any other conclusion than that proposed in the motion for summary judgment, this court may not decide this issue summarily. Whether the countervailing evidence is to be believed is a question for the jury; this court cannot "substitute its own judgment concerning the credibility of [Castiglia] for that of the jury." Bogartv. Tucker, supra, 164 Conn. 282. At this juncture, it will be up to the jury to decide which of Castiglia's statements to believe, whether the statutory presumption is rebutted, and whether Castiglia is liable, under an agency theory, for Myer's alleged negligence.
For these reasons, Castiglia's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of January, 2003.
 ___________________ William B. Lewis, Judge