******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.*
KEVIN S. BIALOWAS
(AC 36250)

DiPentima, C. J., and Kahn and Sullivan, Js.*

*Syllabus*

Convicted, following a jury trial, of the crimes of manslaughter in the second
degree and evasion of responsibility in the operation of a motor vehicle
in violation of statute ([Rev. to 2009] § 14-224 [a]), the defendant
appealed to this court. The defendant's conviction stemmed from a
dispute involving the victim's girlfriend during which the victim allegedly
stated that he intended to fight the defendant. The defendant drove his
truck toward the victim, who jumped on the hood of the truck and fell
off as the defendant swerved the truck, causing the victim to sustain
head injuries that resulted in his death. The defendant then drove away
from the scene and did not stop his vehicle or pull over. On appeal, he
claimed that the trial court committed plain error by failing to instruct
the jury sua sponte that the defendant's reasonable fear of harm from
the victim would be a defense to the charge of evasion of responsibility
in the operation of a motor vehicle under § 14-224 (a) for failing to stop
and render assistance. After this court held that the defendant implicitly
waived his right to raise a claim of instructional error and affirmed
the judgment, the defendant filed a petition for certification with our
Supreme Court, which remanded the matter to this court to consider
the merits of the defendant's plain error claim. On remand, *held* that
the trial court's failure to provide, sua sponte, the instruction on reason-
able fear of harm from the victim did not constitute plain error: the
instruction given by the court on the elements of § 14-224 (a) was correct
in the law and sufficient for the guidance of the jury, which reasonably
could have found that the defendant had a reasonable fear of harm from
the victim that excused him from stopping and providing information
at the scene of the accident, but that the defendant's fear did not excuse
his failure to report the incident immediately to a law enforcement
officer or to the nearest police precinct or station, as required by § 14-
224 (a), and, therefore, the defendant's claim did not involve an error
so obvious that it affected the fairness of or public confidence in the
judicial proceeding; moreover, the defendant did not demonstrate that
the court's failure to give the instruction was so harmful or prejudicial
that it resulted in manifest injustice necessitating reversal, as the state
presented overwhelming evidence against the defendant to prove the
evasion of responsibility charge, it having been undisputed that the
defendant never reported the incident under the mandate of the statute.

Argued September 20—officially released November 21, 2017

*Procedural History*

Substitute information charging the defendant with
the crimes of murder and evasion of responsibility in
the operation of a motor vehicle, brought to the Supe-
rior Court in the judicial district of New London and
tried to the jury before *A. Hadden, J.*; verdict and judg-
ment of guilty of the lesser included offense of man-
slaughter in the second degree and of evasion of
responsibility in the operation of a motor vehicle, from
which the defendant appealed to this court, which
affirmed the judgment; thereafter, the defendant filed
a petition for certification to appeal with our Supreme
Court, which remanded the matter to this court to con-
sider the defendant's claim. *Affirmed.*

*Glenn W. Falk*, assigned counsel, for the appellant

(defendant).

*Stephen M. Carney*, senior assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant was convicted of manslaughter in the second degree in violation of General Statutes § 53a-56 and evasion of responsibility in the operation of a motor vehicle in violation of General Statutes (Rev. to 2009) § 14-224 (a). He was sentenced to twenty years of imprisonment, execution suspended after fifteen years, followed by five years of probation. He appealed, claiming that the trial court committed plain error by failing to instruct the jury that a defendant's reasonable fear of harm from the victim would be a defense to the charge of failing to stop and render assistance under § 14-224 (a). This court affirmed the defendant's conviction, holding that he had waived his challenge to the evasion of responsibility jury instruction under *State* v. *Kitchens*, 299 Conn. 447, 10 A.3d 942 (2016).[1] See *State* v. *Bialowas*, 160 Conn. App. 417, 125 A.3d 642 (2015), remanded, 325 Conn. 917, 163 A.3d 1204 (2017). The defendant filed a petition for certification to the Supreme Court, arguing that this court improperly failed to conduct a plain error review of his claim of error with respect to the evasion of responsibility instruction. While the petition was pending, our Supreme Court released its decision in *State* v. *McClain*, 324 Conn. 802, 812, 155 A.3d 209 (2017), holding that a *Kitchens* waiver does not preclude appellate relief under the plain error doctrine. Thus, the Supreme Court granted the defendant's petition and remanded the matter to this court. *State* v. *Bialowas*, 325 Conn. 917, 163 A.3d 1204 (2017). In light of *McClain,* we review the defendant's claim pursuant to the plain error doctrine and, accordingly, affirm the judgment of the trial court.

As this court noted in its previous decision, the jury reasonably could have found the following facts: "The defendant and Jennifer Sanford met in October, 2005, and became romantically involved. Shortly thereafter, they began living together. On January 9, 2008, in an unrelated criminal matter, the defendant was convicted of several tax offenses . . . and he was subsequently sentenced to a period of incarceration. In April, 2009, while the defendant was incarcerated, Sanford began a relationship with the victim, Steven Germano. Sanford and the victim resided together while the defendant was incarcerated. . . . The defendant and Sanford remained in contact by letter during his period of incarceration, and the two planned to resume their relationship when he was released. The victim was aware of these communications and did not want Sanford to resume her relationship with the defendant upon his release from prison. . . .

"[On July 14, 2009], the defendant was released from the custody of the Department of Correction, and he drove to see Sanford at her father's home in Baltic. When the defendant arrived, Sanford was at the residence with her father, her son, and the victim. The

victim wanted to fight the defendant, but Sanford intervened and told the victim to leave the premises. The victim drove away in his dark blue truck. Shortly thereafter, Sanford and the defendant left the house in a white Ford pickup truck driven by the defendant. As they approached the end of the driveway, the defendant and Sanford witnessed the victim pass as he travelled toward Norwich. Then, the defendant and Sanford pulled out onto Route 207 and were travelling behind the victim.

"[Shortly thereafter], the victim pulled off the roadway and allowed the defendant and Sanford to pass him. When the defendant and Sanford passed the victim, he pulled right out behind [them] and just followed [them]. The defendant increased his speed to see if the victim would follow, and he did. While the two trucks proceeded, the victim called the defendant's cell phone. Sanford answered, and the victim demanded that she exit the defendant's truck. The victim told Sanford that he wanted to fight the defendant and, in response, Sanford said that the defendant was not a fighter. The defendant became distracted while driving and hit a telephone pole, causing damage to his vehicle.

"The defendant and Sanford continued to travel in the defendant's truck for approximately fifteen miles from Baltic into Norwich, and the victim continued to follow them in his vehicle. At a stop sign at the Norwichtown Green, the victim pulled his truck in front of the defendant's truck. The victim exited his vehicle and began waving his hands in the air. As the victim approached the defendant's truck, Sanford locked the doors. The defendant reversed his truck a distance of fifteen to twenty feet, shifted the gears into drive, and accelerated toward the victim. The victim jumped on the hood of the defendant's vehicle, with his face pressed up against the windshield. The defendant swerved, and the victim fell off the hood of the truck, striking his head on the pavement.

"At first, Sanford thought that the victim was joking, or playing possum, in an attempt to trick [the defendant] into stopping, or to get the defendant into trouble with his parole officer. When Sanford realized that the victim was not getting up off the ground, she asked the defendant to stop the vehicle. The defendant refused to pull over because he did not have a driver's license, and the vehicle that he was operating was not registered or insured. The defendant and Sanford then drove away from the scene of the collision.

"The defendant had access to a commercial garage located in Bozrah and drove the truck there following the incident. Sanford attempted to contact the victim by calling his cell phone, but a police officer answered, and she hung up after providing the officer with a false name. The defendant told Sanford to take the batter[y] out of the cell phone that she had used to call the victim

so that the police could not locate it. . . ."

"The next day, on July 15, 2009, the defendant met with his parole officer. The Norwich Police Department had developed the defendant as a suspect in the incident, and, accordingly, his parole officer transported him to the police station for questioning. Officer Thomas Lazzaro of the Norwich Police Department interviewed the defendant, but did not place him under arrest. On July 20, 2009, the victim died at the hospital as a result of the head trauma he suffered as a result of the collision. Thereafter, the defendant was arrested and was charged by information with murder in violation of General Statutes § 53a-54a and evasion of responsibility in the operation of a motor vehicle in violation of § 14-224 (a).[2]

"A jury trial was held in September and October, 2012. On October 1, 2012, following closing arguments, the court, *A. Hadden, J.*, charged the jury. With respect to the evading responsibility charge, the court read the pertinent part of § 14-224 (a) to the jury and then explained the four elements of the crime that the state had to prove beyond a reasonable doubt: (1) the defendant operated a motor vehicle; (2) the defendant was knowingly involved in an accident; (3) the accident caused serious physical injury or death to a person; and (4) the defendant did not stop at once and render assistance as needed and did not give his name, address, operator's license number, and registration number to either the person injured . . . the witness to the accident or an officer. If, *for any reason or cause*, the defendant was unable to provide the required information at the scene of the accident, the law requires him to immediately report the accident to a law enforcement officer or to the nearest police station.

"The defendant did not take an exception to the court's charge on the ground that it did not explain that the defendant's reasonable fear for his safety would provide an excuse that would justify his failure to stop. [After receiving the proposed charge from the judge], the defendant submitted a written request to charge on the defense of justification. In his written request to charge the jury, the defendant did not request an instruction that a defendant's reasonable fear of harm from the victim would be a possible defense to the charge of failing to stop and render assistance under § 14-224 (a).

"The jury found the defendant guilty of evasion of responsibility in the operation of a motor vehicle and the lesser included offense of manslaughter in the second degree. The court imposed a total effective sentence of twenty years incarceration, execution suspended after fifteen years, followed by five years of probation." (Citations omitted; emphasis added; footnotes altered; internal quotation marks omitted.) *State v. Bialowas*, supra, 160 Conn. App. 419–23.

The defendant claims that the court committed plain error by failing to instruct the jury on the reasonable fear of harm from the victim defense to the charge of evasion of responsibility in the operation of a motor vehicle under § 14-224 (a), as articulated in *State* v. *Rosario*, 81 Conn. App. 621, 841 A.2d 254, cert. denied, 268 Conn. 923, 848 A.2d 473 (2004).[3] The state, in turn, argues that the omission of the instruction was not plain error. We agree with the state and conclude that the court properly instructed the jury.

"[T]he plain error doctrine in Connecticut, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts [only] to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Bellamy*, 323 Conn. 400, 437, 147 A.3d 655 (2016). The court in *McClain* emphasized that "[i]t is axiomatic that, [t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that [our courts invoke] in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal . . . for reasons of policy. . . . Put another way, plain error review is reserved for only the most egregious errors. When an error of such magnitude exists, it necessitates reversal." (Citation omitted; internal quotation marks omitted.) *State* v. *McClain*, supra, 324 Conn. 813–14.

The plain error doctrine has two prongs, both of which the defendant must meet to prevail. *State* v. *Jamison*, 320 Conn. 589, 597, 134 A.3d 560 (2016). The first prong requires that the error is "indeed plain in the sense that it is patent [or] readily discernible on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable." (Internal quotation marks omitted.) *State* v. *Myers*, 290 Conn. 278, 287, 963 A.2d 11 (2009). With respect to the second prong, the defendant must demonstrate that the "failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) Id., 288. In the present case, we conclude that the defendant cannot meet either prong of this demanding standard.

The defendant claims that the court committed error when it failed to instruct the jury on the reasonable fear of harm defense. "[A] defendant is entitled to have the jury correctly and adequately instructed on the pertinent principles of substantive law." (Internal quotation marks omitted.) *State* v. *Roger B.*, 297 Conn. 607, 618, 999 A.2d 752 (2010). Nonetheless, "[t]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the estab-

lished rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Stafford* v. *Roadway*, 312 Conn. 184, 189, 93 A.3d 1058 (2014).

In the present case, the court correctly charged the jury in accordance with the elements of § 14-224 (a). In explaining the fourth element, the court instructed: "The fourth element is that the defendant did not stop at once and render assistance as needed . . . . *If, for any reason or cause*, the defendant was unable to provide the required information at the scene of the accident, the law requires him to immediately report the accident to a law enforcement officer or to the nearest police station." (Emphasis added.) We presume the jury followed this instruction. See *State* v. *Wooten*, 227 Conn. 677, 694, 631 A.2d 271 (1993).[4]

We are persuaded that the instruction given by the court was correct in the law and sufficient for the guidance of the jury. The phrase "for any reason or cause" is sufficiently broad to encompass the defendant's reasonable fear of harm from the victim and allowed the jury to consider the *Rosario* defense. A jury could reasonably find, under the instruction given by the court, that the defendant had a reasonable fear of harm from the victim that excused him from stopping and providing information at the scene of the accident. The defendant's fear, however, does not excuse his failure to report the incident immediately to a law enforcement officer or to the nearest police precinct or station, as required by § 14-224 (a). Therefore, we conclude that the defendant's claim does not involve an error so obvious that it affects the fairness of or public confidence in the judicial proceeding.

The defendant's reliance on *Dionne* v. *Markie*, 38 Conn. App. 852, 663 A.2d 420 (1995), is misplaced. In *Dionne*, this court held that "plain error review is necessary where the trial court, in its instruction, overlooks a clearly applicable statute . . . or where the trial court fails to comply with a relevant statute," and found plain error when the trial court did not instruct the jury on a statutory presumption. (Citations omitted.) Id., 856–58. Here, the court properly instructed the jury on each element of § 14-224 (a), and there is neither an applicable statute nor a statutory presumption relating to the reasonable fear of harm that the court overlooked. Thus, the analysis in *Dionne* is inapplicable to the present case.

Even if we assume that the court's failure to provide such a reasonable fear of harm from the victim instruction was an error satisfying the first prong of the plain error doctrine, the defendant has not demonstrated that the failure was so harmful or prejudicial that it resulted in manifest injustice necessitating reversal. The state

presented overwhelming evidence against the defendant to prove the evasion of responsibility charge, particularly the testimony of Sanford, who was in the car with him at the time of the fatal accident. It is undisputed that the defendant never reported the accident to law enforcement as required by § 14-224 (a). See *State* v. *Bialowas*, supra, 160 Conn. App. 425 n.6. He did not discuss with Sanford the possibility of going to the nearest police station for his own safety. He refused to pull over because he did not have a license, the truck was not registered or insured, and he did not want to go back to jail. He instructed Sanford to take the battery out of her phone so that they could not be traced to the accident. The defendant left his truck, which was involved in the accident, in a commercial garage in Bozrah to avoid police detection. That night, rather than reporting the accident to the police, the defendant drove Sanford to Willimantic to buy heroin, and went out to dinner with friends in Montville. He also hid from police in the woods behind his brother's house the following day while they were investigating this crime. We agree with the state that even if the jury was persuaded that the defendant's emotional state justified his failure to remain at the scene of the collision, that does not excuse his failure to comply with the statute's mandate to "immediately report such death or serious physical injury of any person to a police officer . . . or at the nearest police precinct or station . . . ." General Statutes (Rev. to 2009) § 14-224 (a). We, therefore, conclude that such alleged error fails to satisfy the second plain error prong because it did not result in manifest injustice.

In the present case, the defendant bore the burden of establishing that he was entitled to relief under the plain error doctrine. See *State* v. *Jamison*, supra, 320 Conn. 597. He has not met that burden on either prong. Given that the trial court instructed the jury in accordance with the elements of § 14-224 (a), the omission of a reasonable fear of harm instruction is not so clearly and obviously an error that it undermines the integrity and fairness of the judicial proceeding necessitating reversal. Accordingly, we conclude that the trial court's failure to provide, sua sponte, the instruction on reasonable fear of harm from the victim was not plain error requiring reversal.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] In *Kitchens*, our Supreme Court held that "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal." *State* v. *Kitchens*, supra, 299 Conn. 482–83.

[2] General Statutes (Rev. to 2009) § 14-224 (a) provides: "Each person operating a motor vehicle who is knowingly involved in an accident which causes serious physical injury, as defined in section 53a-3, to or results in the death of any other person shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to any officer or witness to the death or serious physical injury of any person, and if such operator of the motor vehicle causing the death or serious physical injury of any person is unable to give his name, address and operator's license number and registration number to the person injured or to any witness or officer, for any reason or cause, such operator shall immediately report such death or serious physical injury of any person to a police officer, a constable, a state police officer, or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the death or serious physical injury of any person and his name, address, operator's license number and registration number."

[3] In *Rosario*, this court held that "§ 14-224 (a) allows an operator to report an accident at the nearest police station if he is unable to give the statutorily required information to the person injured or to any witness or officer, *for any reason or cause* . . . ." (Emphasis in original; internal quotation marks omitted.) *State* v. *Rosario*, supra, 81 Conn. App. 628–29. Although this court determined that a defendant's mental state does not excuse his actions, it created a limited exception, stating: "We recognize that a situation might arise in which the operator's emotional state and subsequent flight from the scene are grounded in facts that could excuse his failure to stop. . . . [When] confronted with danger to life or great bodily harm [i]t would be unjust and unreasonable to declare that . . . [a defendant] was required to remain at the scene and go through the formality of complying with each and every requirement of the statute. . . . [The] [a]ccused's honest belief that he was in danger of bodily harm if he remained at the scene of the accident may justify his conduct in leaving without giving identification; but the alleged fear of [the] accused that he might have been assaulted if he had stopped to comply with the statute does not excuse his failure to comply, where there was not any attempt or threat to assault him or the display of any weapon with which an assault might have been committed." (Citation omitted; internal quotation marks omitted.) Id., 628–29 n.4. The defendant premises his argument wholly on this footnote, claiming that the jury, without the instruction, was precluded from accepting the reasonable fear of harm defense for his failure to stop.

[4] The defendant claims that this case is unlike *McClain*, in which the court held that it was not plain error for the court to fail to include a consciousness of guilt instruction when the prosecutor made one comment regarding consciousness of guilt in closing arguments. *State* v. *McClain*, supra, 324 Conn. 820–21. The defendant argues that his trial counsel made a robust *Rosario* argument during closing arguments that necessitated a reasonable fear of harm from the victim instruction from the court, regardless of whether it was requested by the defendant. However, jury instructions are predicated on the evidence presented at trial, not the arguments of counsel. See Connecticut Criminal Jury Instructions (4th Ed. 2008) §§ 1.2-4, 1.2-6, available at https://www.jud.ct.gov/JI/criminal/criminal.pdf (last visited November 16, 2017); see also court's jury charge: "[A]rguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence." Therefore, the court was not required to instruct the jury according to the counsel for the defendant's closing argument remarks.